UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

    Plaintiff,

VS.

EATON VANCE DISTRIBUTORS, INC.,

    Defendant, and

EATON VANCE TAX-MANAGED GROWTH FUND 1.1,

    Nominal Defendant.

Civil Action No. 03-12437-RCL

## [PROPOSED] PRE-TRIAL ORDER NO. 1

This action (the "Yameen Action") was filed by the Plaintiff, Michelle Yameen,, in this Court on December 3, 2003. It is a putative derivative action brought on behalf of the Eaton Vance Tax-Managed Growth Fund 1.1 (the "Fund"). The Plaintiff and the Defendant Eaton Vance Distributors, Inc., by stipulation, have requested the Court to enter this Pre-Trial Order No. 1 in the interests of the orderly and expeditious litigation of this action. Accordingly,

IT IS HEREBY ORDERED as follows:

**I.**     **SERVICE OF PROCESS AND RESPONSES TO THE COMPLAINT**

1.     The Defendant, Eaton Vance Distributors, Inc., (the "Defendant Distributors") has stipulated that good and sufficient service of the Summons and Complaint in this action were served upon it as of December 4, 2003. The Defendant Distributors shall have until February 20, 2004 to answer or otherwise respond to the Complaint. If any motion

to dismiss is filed, the Plaintiff shall have 30 days after the service of the motion to dismiss to file and serve her opposition thereto.

## II.   CONSOLIDATION

2.   This Pretrial Order No. 1 (the "Order") shall apply to the Yameen Action and to each case that is subsequently filed in this Court or transferred to this Court, which action is brought against the Defendant Distributors on behalf of the Fund concerning any fees charged or received by Defendant Distributors from the Fund. Each such action that is subsequently filed in this Court or transferred to this Court will be consolidated with the Yameen Action. The Yameen Action and all such additional actions are collectively referred to herein as the "Consolidated Actions."

## III.   NEWLY FILED OR TRANSFERRED ACTIONS

3.   This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as a part of the Yameen Action.

4.   When a case which arises out of the subject matter of the Yameen Action is hereinafter filed in this Court or transferred herein from another court, the Clerk of this Court shall:

    (a)    place a copy of this Order in the separate file for such action;

    (b)    mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    (c)    make an appropriate entry in the Docket in the Yameen Action.

5.  This Order shall apply to each such newly filed or transferred case unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

6.  Counsel for the Plaintiff Yameen, Edward F. Haber of Shapiro Haber & Urmy LLP, is appointed Lead Counsel in the Consolidated Actions. Lead Counsel shall assume the following powers and responsibilities in the Consolidated Actions:

   (a)  the briefing and argument of motions;

   (b)  the conduct of discovery proceedings;

   (c)  the examination of witnesses in depositions;

   (d)  the selection of counsel to act as spokesperson at pretrial conferences;

   (e)  settlement negotiations with counsel for defendants;

   (f)  to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected plaintiffs' counsel as may be required; and

   (g)  to supervise any other matters concerning the prosecution or resolution of the Consolidated Actions.

7.  No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.

8. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokesperson for plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation, including the receipt and dissemination of Court orders and notices.

9. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight service, telecopy or hand delivery, unless otherwise agreed. Service upon Lead Counsel shall constitute service upon all plaintiffs and all plaintiffs' counsel. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight service, telecopy or hand delivery.

SO ORDERED:

Reginald C. Lindsay
United States District Judge

Dated: 2/18/04