UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

    Plaintiff,

v.

EATON VANCE DISTRIBUTORS, INC.,

    Defendant, and

EATON VANCE TAX-MANAGED
GROWTH FUND1.1.,

    Nominal Defendant.

Civil Action No. 03-12437-RCL

## MOTION AND MEMORANDUM OF REASONS OF DEFENDANT EATON VANCE DISTRIBUTORS, INC. FOR PROTECTIVE ORDER TO STAY DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Eaton Vance Distributors, Inc. ("Distributors") hereby moves for a protective order to stay all discovery in this action, including Distributors' initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and any response by Distributors to Plaintiff's First Request to Defendants for the Production of Documents, until such time as the Court resolves Distributors' currently pending Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). As grounds for this Motion, Distributors states as follows:

1. On February 24, 2004, Distributors filed the Motion to Dismiss which, if granted, would terminate this action and obviate the need for any discovery.

2. As set forth in detail in the Motion to Dismiss, Distributors believes that Plaintiff's Complaint fails to set forth a cause of action under Section 36(b) of the

Investment Company Act of 1940 ("ICA") as a matter of law in that Distributors' receipt of Rule 12b-1 distribution fees is not subject to Section 36(b) of the ICA and, even if Section 36(b) could be applied to the distribution fees, it is clear as a matter of law that Plaintiff has not alleged (and cannot allege) the essential element of a Section 36(b) claim: that the distribution fees are excessive. Thus, the Complaint is defective on its face.

3. In the alternative, based on undisputed publicly-available information, the Motion to Dismiss argues that the distribution fees are being used for an entirely legitimate purpose and that, under the Distribution Agreement, once uncovered distribution charges are paid, the Eaton Vance Tax-Managed Growth Fund 1.1 will pay no more distribution fees because the distribution fees are within the legal limits set by NASD rules and are not, and cannot by contract become, "excessive" in any respect. Accordingly, based on the law and the undisputed facts, the Plaintiff will be unable to establish a violation under Section 36(b) of the ICA.

4. On February 23, 2004, Plaintiff served on Distributors a request for production as well as Plaintiff's Initial Disclosures.[1] A copy of the Request for Production is attached hereto as Exhibit 1. The Request for Production seeks the production of a large quantity of documents, including reports covering a span of approximately eight years. See id. Distributors' production of such information will not

---

[1] Plaintiff's Request for Production was served prematurely and Distributors should have no obligation to respond until the preparation of a discovery plan in accordance with Local Rule 16.1 or until the expiration of a period of stay if this Motion is granted, whichever is the later. Rules 26(d) and (f) of the Federal Rules of Civil Procedure provide, in pertinent part, that "a party may not seek discovery from any source before the parties have conferred" "to consider the nature and basis of their claims and defenses . . . and to develop a discovery plan." As of the date of this Motion, no such conference has taken place.

2

affect the Court's determination of the dispositive issues. As in many securities cases, Plaintiff's requests for production and other discovery demands will impose significant burdens on Distributors. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975) ("[t]he potential for possible abuse of the liberal discovery provisions of the Federal Rules of Civil Procedure may . . . exist in this type of case to a greater extent than they do in other litigation"); cf. 15 U.S.C.A. § 77z-1(b)(1) (West 1997).

5. Discovery is not needed to resolve Distributors' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6); such motions are decided on the face of the complaint. In addition, discovery is not needed to resolve a motion for summary judgment under Fed. R. Civ. P. 56 where, as here, the motion can be decided as a matter of law on the basis of undisputed facts already before the court. See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990) (stating "[d]iscovery is not justified when cost and inconvenience will be its sole result"). The granting of a stay pending this Court's determination of Distributors' Motion to Dismiss would be an "'eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. D.C. Fin. Responsibility and Mgmt. Assistance Auth., 201 F.R.D. 1, *2, *5 (D.D.C. 2001) (quoting Coastal States Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979); see also Kleinerman v. United States Postal Service, 100 F.R.D. 66, 68 (D. Mass. 1983) (noting agreement with "principle that it is appropriate to defer discovery until preliminary questions that may dispose of the case are determined").

6. In addition, the Plaintiff will not be prejudiced by a stay of discovery. The possibility that Distributors' Motion to Dismiss will be granted, thereby eliminating the

need for discovery, outweighs any potential harm produced by a delay in discovery. See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (reasoning "cost of discovery, coupled with the diversion of employees' time . . . to focus on the retrieval of discovery . . . would be an unnecessary expense in the event" that the motion to dismiss is granted).

      7. This Court has broad discretion and inherent power to stay discovery pending the disposition of Distributors' Motion to Dismiss. See Fed. R. Civ. P. 26(c); Petrus v. Brown, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). For good cause shown, a court may stay discovery pending resolution of a dispositive motion. See LTX Corp. v. Daewoo Corp., 979 F. Supp. 51, 59 (D. Mass. 1997) (finding discovery appropriately stayed pending disposition of motion to dismiss because discovery would not affect resolution of dispositive issues); Chavous, 201 F.R.D. at *2 ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"); Petrus, 833 F.2d at 583 ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). Distributors' pending Motion to Dismiss and the arguments raised herein demonstrate "good cause" for this Court to stay discovery. See Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate pending resolution of dispositive motion that has foundation in the law).

4

8. Accordingly, Distributors has demonstrated "good cause" for the issuance of a protective order staying discovery because the issues raised by the Motion to Dismiss are questions of law; the Motion to Dismiss, if successful, would be dispositive of the entire Complaint; and, the granting of Distributors' Motion for Protective Order would not prejudice the Plaintiff. See, e.g., County of Nassau, 188 F.R.D. at 187; Johnson, 205 F.R.D. at 434; Chavous, 201 F.R.D. at *2.

WHEREFORE, Defendant Distributors respectfully requests that the Court grant its Motion For Protective Order to Stay Discovery, including Distributors' initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and any response by Distributors to Plaintiff's First Request to Defendants for the Production of Documents, until the Court has ruled on Defendant Eaton Vance Distributors' pending Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment.

A proposed Order is provided for the Court's consideration.

Respectfully submitted,

*Wm. Shaw McDermott*
Wm. Shaw McDermott (BBO #330860)
Aimée E. Bierman (BBO #640385)
Amy B. Abbott (BBO #648072)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109-1808
(617) 261-3100

                                        Jeffrey B. Maletta, Esq.
                                        Nicholas G. Terris, Esq.
                                        KIRKPATRICK & LOCKHART LLP
                                        1800 Massachusetts Avenue, N.W.
                                        Washington, D.C. 20036
                                        (202) 778-9000

                                        *Attorneys for Defendant*
Date: March 23, 2004                    *Eaton Vance Distributors, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2) and 37.1

     I hereby certify that on March 15, 17 and 18, 2004, Wm. Shaw McDermott, Esq. conferred with Edward F. Haber, Esq. and attempted in good faith to resolve the issue presented by the foregoing.

                                                          */s/ Wm. Shaw McDermott*
                                                          Wm. Shaw McDermott

## CERTIFICATE OF SERVICE

     I, Amy B. Abbott, hereby certify that on March 23, 2004, a true and correct copy of the foregoing Motion and Memorandum of Reasons of Defendant Eaton Vance Distributors, Inc. for Protective Order to Stay Discovery was served by hand on the following:

          Edward F. Haber, Esq.
          SHAPIRO HABER & URMY LLP
          75 State Street
          Boston, MA 02109

                                                          */s/ Amy B. Abbott*
                                                          Amy B. Abbott