UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE YAMEEN,<br><br>　Plaintiff,<br><br>VS.<br><br>EATON VANCE DISTRIBUTORS, INC.,<br><br>　Defendant, and<br><br>EATON VANCE TAX-MANAGED GROWTH FUND 1.1,<br><br>　Nominal Defendant. | Civil Action No. 03-12437- RCL |

**DECLARATION OF EDWARD F. HABER PURSUANT TO RULE 56(f) F. R. Civ. P. IN OPPOSITION TO MOTION OF EATON VANCE DISTRIBUTORS, INC. TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I, Edward F. Haber, hereby depose and say:

1.　I am counsel to the Plaintiff in the above-referenced action.

2.　I submit this Declaration, pursuant to Rule 56(f), F.R.Civ. P., in opposition to the portion of Motion of Eaton Vance Distributors, Inc. to Dismiss, or in the Alternative, for Summary Judgment, in which the Defendant seeks summary judgment pursuant to Rule 56, F. R. Civ. P.

3.　As discussed and detailed in Plaintiff's Memorandum of Law in Opposition to Motion of Eaton Vance Distributors, Inc.'s to Dismiss or, in the Alternative, for Summary Judgment, the core issue in this case is, in light of the fact that the trustees determined, as of March 1, 2001, that it was no longer in the best interests of the Fund and the shareholders of the Fund, for additional shares of the Fund to be sold to the public, could

the trustees, "…in the exercise of their fiduciary duties under state law and under sections 36(a) and 36(b) of the [1940] Act…" have concluded "…that there is a reasonable likelihood that [the continuation of] the plan will benefit the [Fund] and its shareholders…" Rule 12b-1(e).

4.     As also demonstrated in Plaintiff's Memorandum, section 36(b)(2) of the Investment Company Act of 1940 (the "1940 Act") provides that:

> (2) In any such action approval by the board of directors of such investment company of such compensation or payments, or of contracts or other arrangements providing for such compensation or payments...shall be given such consideration by the court as is deemed appropriate **under all the circumstances**.

Section 36(b)(2), emphasis added.

5.     In order for Plaintiff to provide the Court with a full factual record, reflecting "all the circumstances" involved in the decision by the Trustees of the Fund to continue the Rule 12b-1 Plans and Distribution Agreements at issue in this case, after the Fund ceased selling its shares to the public, the Plaintiff will need to obtain discovery, including but not limited to, the following:

> a.     All of the minutes of board of trustees meetings and other documents which Rule 12b-1(d) and (f) required that the Fund create and maintain in connection with the approval and continuation of the Fund's Plans and Agreements;
>
> b.     All of the minutes of board of trustees meetings and other documents

which relate to or concern the decision to stop selling shares of the Fund to the public as of March 1, 2001.

      c.    Depositions of each of the Trustees of the Fund;

      d.    Depositions of appropriate Rule 30(b)(6) designees of the Defendant.

6.    Rule 12b-1(d) requires that "...minutes describing the factors considered and the basis for the decision to use company assets for distribution must be made and preserved in accordance with paragraph (f) of this rule." . The referenced Rule 12b-1(f) requires the documents to be preserved "...for a period of not less than six years...the first two years in an easily accessible place."

7.    The Plaintiff has already requested that the Defendant and the Fund provide the Plaintiff with copies of the documents described in paragraphs 5 (a) and (b) above. A copy of the Plaintiff's First Request for Production of Documents, requesting those documents, is attached hereto as Exhibit A.

8.    As reflected in Plaintiff's First Request for Production of Documents, most of the documents requested therein are documents which Rule 12b-1 <u>requires</u> the Fund to generate and maintain.

9.    On March 23, 2004, despite the fact that it has filed a Motion for Summary Judgment, the Defendant, instead of producing the documents requested in Plaintiff's First Request for Production of Documents, filed a Motion and Memorandum of Reasons of Defendant Eaton Vance Distributors, Inc. For Protective Order to Stay Discovery. That motion seeks a stay of discovery until this Court rules on the instant Motion to Dismiss/Motion for Summary Judgment. Plaintiff will be timely opposing that motion.

10.    On March 24, 2004, instead of producing the documents requested in Plaintiff's First Request for Production of Documents, the Fund filed its Joinder of Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1 in Defendant's Motion for a

Protective Order.  In that filing the Fund says that: "The Fund expresses no view with respect to the merits of the Motion to Dismiss."  Nevertheless, it seeks to delay providing the straight forward discovery requested in Plaintiff's First Request for Production of Documents until after that motion is decided by the Court.

11.  For the reasons set forth in Plaintiff's Memorandum of Law in Opposition to Motion of Eaton Vance Distributors, Inc., To Dismiss Or, in the Alternative, for Summary Judgment, plaintiff believes that the Defendant's motion should be denied, *in toto*, on the record currently before the Court.  However, if the Court should conclude that the Defendant might be entitled to summary judgment on the record currently before the Court, then the plaintiff requests that the Court, pursuant to Rule 56, F.R. Civ. P., deny the Motion for Summary Judgment, in order to afford the plaintiff the opportunity to obtain the necessary discovery, including but not limited to, the discovery described above and set forth in Exhibit A hereto, in order to obtain facts with which to oppose the Defendant's Motion for Summary Judgment.

Signed and sworn to under the penalties of perjury, under the laws of the United States, this 25th day of March, 2004.

**/s/Edward F. Haber**
Edward F. Haber

### CERTIFICATE OF SERVICE

I, Edward F. Haber, hereby certify that a true copy of the above document was served upon the attorneys of record for the Defendant and the Nominal Defendant by hand or overnight delivery on March 25, 2004.

**/s/Edward F. Haber**
Edward F. Haber