UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

     Plaintiff,

VS.

EATON VANCE DISTRIBUTORS, INC.,

     Defendant, and

EATON VANCE TAX-MANAGED
GROWTH FUND 1.1,

     Nominal Defendant.

Civil Action No. 03-12437-RCL

### PLAINTIFF'S FIRST REQUEST TO
### DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rules 26.5

and 34.1 of the United States District Court for the District of Massachusetts, Plaintiff

in the above-captioned action ("the "Yameen Action") hereby requests that Defendant

Eaton Vance Distributors, Inc., and Nominal Defendant Eaton Vance Tax-Managed Growth

Fund 1.1, produce, for inspection and copying, the following documents, within 30 days of

the service of these requests upon them, at the offices of Plaintiff's counsel, Shapiro Haber

& Urmy LLP, 75 State Street, Boston, Massachusetts, 02109, or at a place to be mutually

agreed upon by the parties' counsel.

### I. DEFINITIONS

1     The Uniform Definitions In Discovery Requests set forth in Rule 26.5 of the

Local Rules of the United States District Court for the District of Massachusetts are

incorporated herein by reference. All terms shall be given the broadest meaning possible under Fed. R. Civ. P. 26 and 34 and Local Rules 26.5 and 34.1.

2      "Agreement" (plural: "Agreements"), means any written agreement between the Fund and Eaton Vance relating to, evidencing, or implementing the Plan (as defined below), as described in 17 C.F.R. §270.12b-1(b).

3.      "Director" (plural: "Directors") shall mean any person who currently serves, or has served at any time from March 28, 1996 to the present, as a member of the Board of Trustees of the Eaton Vance Tax-Managed Growth Fund 1.1

4.      "Eaton Vance" refers to the Defendant Eaton Vance Distributors, Inc.

5.      The "Fund" shall mean the Eaton Vance Tax-Managed Growth Fund 1.1 and its Directors (as defined above).

6.      "Plan" (plural: "Plans") shall mean any writing prepared pursuant to 17 C.F.R. § 270.12b-1(b), or otherwise, establishing the financing of the distribution to the public or to existing shareholders of shares of the Eaton Vance Tax-Managed Growth Fund 1.1.

7.      The terms "or" and "and" mean both "or" and "and".

8.      The terms "you" and "your" refer to the Fund and to Eaton Vance, as defined above.

## II. INSTRUCTIONS

1      All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container, or a copy thereof.

2.    Notwithstanding any assertion that material contained within a requested document is privileged, you must still produce such document if it also contains information that you do not assert is privileged, but you may redact that portion of the document for which privilege is asserted

3.    If any documents have been lost, discarded, or destroyed, please identify them as completely as possible, provide the date of disposal, describe the manner of disposal, and state the reason for disposal.

4.    These requests shall be deemed continuing so as to require supplemental production if you obtain possession, custody or control of additional responsive documents after the date of your initial response.

5.    Unless otherwise indicated, you are to produce all requested documents that were created during, or cover any time within, the period from January 1, 1996 to the present.

### III. DOCUMENTS REQUESTED

Request No. 1

Any and all Plans (as defined above)

Request No. 2

Any and all Agreements (as defined above)

Request No. 3

All written reports provided to you from March 28,1996 through the present, pursuant to17 C.F.R. § 270.12b -1 (b)(3)(ii), or otherwise, by any person authorized to direct the disposition of monies paid or payable by you pursuant to the Plan(s).

Request No. 4

All written reports provided to you from March 28,1996 through the present, pursuant to 17 C.F.R. § 270.12b -1 (b)(3)(ii), or otherwise, by any person authorized to direct the disposition of monies paid or payable by you pursuant to any Agreement(s)

Request No. 5

All written reports provided to you pursuant to 17 C.F.R. § 270.12b-1 (b)(3)(ii) from March 28,1996 through the present.

Request No. 6

All minutes of any meetings of the Fund's Directors at which there was any consideration, discussion, or decision as to whether to implement, continue, or terminate any Plan or Agreement.

Request No. 7

All minutes preserved pursuant to 17 C.F.R. § 270.12b-1 (d) concerning any Plan

Request No. 8

Any and all documents requested, received, considered, or relied upon by the Fund's Directors in making a determination concerning whether to implement, continue, or terminate any Plan or Agreement.

Request No. 9

All minutes of any meetings of the Fund's Directors at which there was any consideration, discussion, or decision as to whether to cease offering and selling shares of the Fund to any investor who was not already a Fund shareholder, as of March 1, 2001 or any other date

4

Request No. 10

All documents reviewed, considered or relied upon by the Fund, including the Fund's Directors, in connection with the decision to cease offering and selling shares of the Fund to any investor who was not already a Fund shareholder, as of March 1, 2001.

Request No. 11

All documents implementing, evidencing, or concerning the Fund's ceasing to sell shares of the Fund, as of March 1, 2001, to any investor who was not already a Fund shareholder, including, but not limited to:

a.     All correspondence concerning the termination, as of March 1, 2001, of sales of shares of the Fund to any investor who was not already a Fund shareholder as of that date;

b.     All financial statements or projections concerning the termination, as of March 1, 2001, of sales of shares of the Fund to any investor who was not already a Fund shareholder as of that date; and

c.     All documents that you prepared in connection with the Fund's ceasing to sell, as of March 1, 2001, shares of the Fund to any investor who was not already a Fund shareholder as of that date

5

Dated: February 23, 2004.

By her attorneys,

*Christine E. Morin*

Edward F. Haber (BBO No. 215620)
Christine E. Morin (BBO No. 600237)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

OF COUNSEL:
Richard J. Vita (BBO No. 510260)
77 Franklin Street, 3rd Fl.
Boston, MA 02110
(617) 426-6566

## CERTIFICATE OF SERVICE

I, Christine E. Morin, hereby certify that a true copy of the above document was served upon the attorneys for the Defendant Eaton Vance Distributors, Inc., W. Shaw McDermott, Kirkpatrick & Lockhart LLP, 75 State Street, Boston, MA 02109, and Jeffrey B. Maletta, Kirkpatrick & Lockhart LLP, 1800 Massachusetts Avenue, NW, 2nd Fl., Washington, D.C. 20036, by hand and by overnight delivery, respectively, on February 23, 2004.

*Christine E. Morin*

Christine E. Morin