UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

    Plaintiff,

VS.

EATON VANCE DISTRIBUTORS, INC.,

    Defendant, and

EATON VANCE TAX-MANAGED
GROWTH FUND 1.1,

    Nominal Defendant.

Civil Action No. 03-12437- RCL

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT EATON VANCE DISTRIBUTORS, INC. FOR PROTECTIVE ORDER TO STAY DISCOVERY AND IN OPPOSITION TO THE NOMINAL DEFENDANT EATON VANCE TAX-MANAGED GROWTH FUND 1.1'S JOINDER IN THAT MOTION**

## INTRODUCTION

Now comes the Plaintiff, Michelle Yameen, in the above-referenced action, who brings this action derivatively on behalf of the Eaton Vance Tax-Managed Growth Fund 1.1 (the "Fund") and she submits this Memorandum in opposition to the Motion of the Defendant Eaton Vance Distributors, Inc. [the "Defendant"] for Protective Order to Stay Discovery (the "Motion") and in opposition to the Joinder of Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1 in Defendant's Motion for a Protective Order (the "Fund's Joinder").

The Defendant seeks to delay the straight-forward, limited, non-burdensome document discovery (the "Requested Documents") set forth in Plaintiff's First Request to Defendant's for the Production of Documents (the "Document Request"), attached hereto

as Exhibit A. The Defendant, in a boilerplate submission, asserts that providing the requested document discovery would be "burdensome," without explaining or demonstrating, in any way whatsoever, how providing the limited documents requested would be burdensome.

In fact, as demonstrated below, the Requested Documents are not voluminous and producing them would not be burdensome at all. Indeed, it is apparent that the Defendant's objective in filing the Motion is to avoid discovery; not to avoid burden or expense. Furthermore, under the circumstances of this case, the pendency of the Defendants' Motion to Dismiss, and or in the Alternative for Summary Judgment, is no basis whatsoever for a stay of discovery.

## FACTS ESTABLISHING THAT PRODUCTION OF THE REQUESTED DOCUMENTS WOULD NOT BE BURDENSOME

The <u>entire</u> factual basis for the Defendant's Motion is the Defendant's unsupported <u>assertion</u> that: "The Request for Production seeks the production of a large quantity of documents... Plaintiff's requests for production ... will impose significant burdens on Distributors." (Defendants Mem. at 2 -3, ¶ 4.) Defendant makes no effort whatsoever to factually support that assertion because, as a matter of fact, the Requested Documents are not voluminous and would not be at all burdensome to produce.

The entire Document Request consists of only eleven separate requests. Further, most of the Requested Documents are documents that SEC Rule 12b-1(b)(3)(ii)and Rule 12b-1(d) <u>requires</u> the Defendant and the Fund to create; and which SEC Rule 12b-1(f) <u>requires</u> the Fund to maintain for at least six years. Specifically Rule 12b-1(f) provides as follows:

> A registered open-end management investment company **must preserve copies of any plan, agreement or report made pursuant to this rule** for a period of not less than six years from the date of such plan, agreement or report, the first two years in an easily accessible place.

emphasis added.

A reflected in Exhibit A hereto, most of the Requested Documents are "...plan[s], agreement[s] or report[s] made pursuant to..." Rule 12b-1. Specifically:

- Request No..1 seeks the Fund's Rule 12b-1 Plans;[1]

- Request No. 2 seeks the Fund's Rule 12b-1 Distribution Agreements with the Defendant;[2]

- Requests Nos. 3, 4 and 5 seek the written reports "...of the amounts...expended and the purposes for which such expenditures were made..." which Rule 12b-1(b)(3)(ii) required the Fund to generate and provide to the Fund's Trustees quarterly (and which the Rule requires the Trustees to review at least quarterly);

- Requests Nos. 6 and 7 seek the minutes of the meetings of the Board of Trustees of the Fund, which minutes Rule 12b-1(d) required

---

[1] The Defendant has already "produced" the Plans requested in Request No. 1, since they are Exhibits B and C to the Declaration of James L. O'Connor (the "O'Connor Decl."), filed by the Defendant in support of its Motion for Summary Judgment. They are each 5 pages in length.

[2] The Defendant has already "produced" one of the Distribution Agreements requested in Request No. 2. Exhibit A to the O'Connor Decl. is the March 1, 2001 Distribution Agreement. It is 12 pages in length. The O'Connor Decl., at ¶ 3, states that the currently operative Distribution Agreement between the Defendant and the Fund is an "Amended and Restated Distribution Agreement effective as of June 16, 2003" and the O'Connor Decl., at ¶ 3, erroneously claims that the June 16, 2003 distribution agreement is attached to the Declaration as Exhibit A. Certainly the Defendant is not seriously claiming that producing the June 16, 2003 Agreement, which it intended to attach to the O'Connor Decl., would be "unduly burdensome."

3

the Fund to create and maintain pursuant to Rule 12b-1(f) quoted above;

- Request No. 8 seeks the documents containing or reflecting the information which Rule 12b-1(d) required the Trustees to request and consider in determining whether the Fund's Rule 12b-1 Plan should be continued;

- Requests Nos. 9 - 11 seeks the minutes of the meetings of the Board of Trustees of the Fund at which the Trustees decided to cease selling shares of the Fund to the public, and the documents relied upon and concerning that decision.

Hence we see that the Document Requests are narrowly tailored, and the Requested Documents are limited in scope and volume and are discreet documents that Defendant is legally required to create and maintain. Indeed, Rule 12b-1(f) even requires that the documents requested in Requests Nos. 1 - 8 be preserved for at least two years **"...in an easily accessible place."** The Defendant's unsupported assertion, upon which its entire motion is premised, that production of the Requested Documents "...will impose significant burdens on Distributors." (Defendants Mem. at 3, ¶ 4) is frivolous. *See SEC v. Zubkis*, No. 97 CIV 8086, 2003 WL 118498, *2 (S.D.N.Y., January 13, 2003) (ruling that defendant's arguments in support of stay were frivolous where defendant made no showing that requests imposed undue burden).

4

## ARGUMENT

A. **Defendant Distributor Has Utterly Failed To Meet Its Burden of Demonstrating Good Cause For The Issuance of A Protective Order.**

It is well-established that a party seeking a protective order to stay discovery bears the burden of showing that good cause exists for the issuance of such an order. *See, e.g., In Re FirstEnergy Shareholder Deriv. Litig.*, 219 F.R.D. 584, 587 (N.D. Ohio 2004); *Wilcock v. Equidev Capital L.L.C.*, No. 99CIV10781, 2001 WL 913957, *1 (S.D.N.Y. August 14, 2001); *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987). Further, the burden of proof imposed on the party seeking a stay [of discovery] is a stiff one." *In re Lotus Development Corp. Sec. Litig.*, 875 F. Supp. 48, 51 (D. Mass. 1995).

Notwithstanding its bald assertion that good cause exists for the issuance of a protective order here, Defendant has completely failed to demonstrate good cause. First, Defendant half-heartedly argues that producing the Requested Documents will be unduly burdensome. *See* Def. Mem. at 3. In fact, the **only** assertion Defendant makes regarding the burden of producing the Requested Documents is the generic: "as in many securities cases, Plaintiff's requests for production . . . . will impose significant burdens on Distributors." *Id.*[3]

---

[3] The case at bar is not a securities case. Accordingly, Defendant's reliance on *Blue Chip Stamps v. Manor Drugs Stores*, 421 U.S. 723, 741 (1975), to suggest that that the "potential for possible abuse . . . of discovery . . . exists in this type of case to a greater extent than they do in other litigation," Def. Mem. at 3, is disingenuous and misplaced. In *Blue Chip*, a securities fraud case under Rule 10b-5, the Court explicitly distinguished such securities fraud litigation from other types of litigation. *See Blue Chip*, 421 U.S. at 740-41 (danger of vexatious litigation under Rule 10b-5 different "in degree and kind" than other litigation).

In fact, in *Blue Chip*, the Court recognized that any burdens created by permissible discovery are just a necessary and expected part of civil litigation: "extensive deposition of the defendant's officers and associates and the concomitant opportunity for extensive discovery of
(continued...)

Such a general and conclusory statement that producing the Requested Documents will be burdensome is wholly insufficient to establish good cause. Rather, in order to show good cause, "a movant . . . must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . . and cannot rely on merely conclusory statements." *Avirgan v. Hull*, 118 F.R.D. at 254; *see also Ammon v. Baron Automotive Group*, No. 02-2242, 2003 WL 1913526, *1 (D. Kansas Feb. 4, 2003); *In re PE Corp. Sec. Litig.*, No. 3:00 CV 705, 2003 WL 23329188, *7 (D. Conn. Nov. 3, 2003) ("to establish good cause . . . courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements'") (citations omitted). Therefore, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Wilcock v. Equidev*, 2001 WL 913957 at * 1.

Defendant's general and conclusory statement that producing the Requested Documents would impose a "significant burden" on Distributors is exactly the kind of statement that courts have consistently held is insufficient to establish good cause. Further, Defendant's assertion that responding to the Document Requests would impose on it a significant burden is belied by the facts that (i) there are only eleven narrowly tailored Document Requests, most of which are for documents that Defendant is legally obligated to create and maintain under SEC rules, and (ii) such documents are readily

---

³(...continued)
business documents is a common occurrence" in all litigation, and to the extent that such discovery "eventually produces relevant evidence which is useful in determining the merits of the claims asserted by the parties, it bears the imprimatur of [the Federal Rules of Civil Procedure] and the many cases liberally interpreting them." *Id.* at 7412.

accessible and consist of very few pages, as demonstrated by Defendant's submission of some of those documents in support of its Motion to Dismiss.

**B.   The Fact That Defendant Has Filed A Motion To Dismiss, Or In The Alternative, For Summary Judgment, Is An Insufficient Basis For The Issuance Of A Protective Order.**

Failing to provide any support for its frivolous argument that producing the Requested Documents would be unduly burdensome, Defendant resorts to arguing that there is good cause for a protective order simply because Defendant has filed an (allegedly) potentially dispositive motion to dismiss. However, "the mere filing of a dispositive motion . . . does not warrant the issuance of a stay under Rule 26(c). There must be more." *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). Indeed, as this Court (Saris, J.) observed in connection with the automatic disclosures required under Rule 26(a), "to make a stay more readily obtainable simply because there is a colorable motion to dismiss, would undermine the spirit of [Rule 26(a)]." *In re Lotus Development Corp. Sec. Litig.*, 875 F. Supp. at 51.[4] Judge Saris' holding is most applicable here where most of the Requested Documents would need to be produced pursuant to the automatic disclosure rules and where the Defendant is also seeking to stay its obligations under those rules. Since Defendant has not even attempted to articulate

---

[4] This is consistent also with Rule 26, which recognizes that generally, parties are entitled to conduct discovery permitted by the Federal Rules of Civil Procedure, **unless** a party obtains a protective order after demonstrating that absent such an order, the party will suffer annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c) does not provide that a party may be entitled to a protective order to avoid inconvenience, or the ordinary burdens of discovery, or because it has filed a potentially dispositive motion. See F.R.Civ.P. 26(c). See also *In re PE Corp. Sec. Litig.*, 2003 WL 23329188 at *7 (good cause is not necessarily established solely by showing that discovery may involve inconvenience and expense"). As established above, Defendant has not, and could not, support its half-hearted assertion that preparing its initial disclosures and producing the Requested Documents would subject it to undue burden or expense; therefore Defendant has made no showing that could satisfy Rule 26(c).

beyond the most generalized assertions that it would be unduly burdened by producing discovery, Defendant asserts nothing "more" than the mere filing of its motion to dismiss as the "good cause" for the protective order it seeks.

Even if the mere act of filing such a motion could constitute good cause in certain situations, it clearly does not here. First, as demonstrated by even a cursory review of Defendant's Motion to Dismiss and Plaintiff's opposition papers, Defendant's Motion to Dismiss is wholly without merit; the arguments contained therein are directly contradicted by statutory language and controlling jurisprudence. Further, as demonstrated in Plaintiff's papers opposing Defendant's Motion To Dismiss, and in the earlier-filed Declaration of Edward F. Haber Pursuant to Rule 56(f) F. R. Civ. P. In Opposition to Motion of Eaton Vance Distributors, Inc. to Dismiss, Or, in the Alternative, for Summary Judgment, even if the Court were to conclude on the present record that Defendant's Motion to Dismiss has any merit, then Plaintiff would need the Requested Documents in order to oppose the summary judgment portion of Defendant's pending motion. Accordingly, a stay of discovery would needlessly delay the orderly litigation of this case, and would not result in any efficiency or avoid any inconvenience or burden to the Defendant.[5]

The cases upon which Defendant relies do not support its argument that the filing of a motion to dismiss, without more, is sufficient grounds for the issuance of a protective order. *See, e.g., LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51 (D. Mass. 1997); *Kleinerman v. United States Postal Service*, 100 F.R.D. 66 (D. Mass. 1983); *Landry v. Air

---

[5] And even if it did, that would still not establish the requisite "good cause" for a protective order. *See In re PE Corp. Sec. Litig.*, 2003 WL 23329188 at *7 (good cause is not necessarily established solely by showing that discovery may involve inconvenience and expense").

*Line Pilots Ass'n*, 901 F.2d 404 (5th Cir. 1990);*Johnson v. New York Univ. School of Ed.*, 205 F.R.D. 433 (S.D.N.Y. 2002); *Chavous v. District of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2001); *United States v. County of Nassau*, 188 F.R.D. 187 (E.D.N.Y. 1999).

*LTX Corp., Kleinerman,* and *County of Nassau,* involved challenges to the respective courts' jurisdiction to hear the case, or to their assertion of personal jurisdiction over a defendant. See *LTX Corp.*, 979 F. Supp. at 53; *Kleinerman*, 100 F.R.D. at 68; *County of Nassau*, 188 F.R.D. at 188.

In *LTX*, the court apparently had previously stayed discovery because Due Process was implicated where the plaintiff could adduce no facts in support of a Massachusetts court's personal jurisdiction over the Korean defendants. *LTX Corp.*, 979 F. Supp. at 59. In *Kleinerman*, the court observed, in dicta, that it might be appropriate to stay discovery when the "crucial issue" of a challenge to the Court's jurisdiction is involved, but denied the defendants' motion for a stay because they had failed to support their jurisdictional attack, and because they had otherwise failed to demonstrate good cause for a stay on their asserted grounds of conservation of resources, over breadth of the requests, confidential trade secrets, privilege, and work product. *Kleinerman*, 100 F.R.D. at 68-70.

In *County of Nassau*, after observing that even the filing of a potentially dispositive motion concerning the court's jurisdiction does not warrant a stay of discovery, without more, the court granted the stay only after recognizing there were other factors at issue in that case, which are not present here, to warrant the protective order. Specifically, *County of Nassau* court intimated that it believed defendant's motion to dismiss had "substantial" merit, noted that the defendant would continue to produce to plaintiff any public documents

9

that plaintiff requested, and further noted that municipal employees, (as opposed to private sector employees, as may be involved here) would be diverted from their duties if they were required to comply with the discovery requests. *County of Nassau*, 188 F.R.D. at 188-89.

Similarly, in *Johnson*, the court found that the motion to dismiss had "substantial grounds," and in addition, implicitly found that the propounded discovery, which it characterized as "extensive," would be burdensome. *See Johnson*, 205 F.R.D. at 434. In *Landry*, the court also reasoned that the discovery would be unduly burdensome, and unnecessary, since the plaintiffs opposing the stay had admitted that they already had enough evidence to defeat the pending summary judgment motion. *Landry*, 901 F.2d at 436. In *Chavous*, the court also concluded that the discovery would be unduly burdensome where its production implicated "significant privilege issues." *Chavous*, 201 F.R.D. at 3 n.4.

Thus, the cases cited by Defendant are inapposite here, as they each involved consideration of factors beyond the mere filing of a potentially dispositive motion. Accordingly, these cases provide no support for Defendant's argument that it has established "good cause" for a protective order. First, as explained above, and as demonstrated in Plaintiff's papers opposing Defendant's Motion to Dismiss, Defendant's motion to dismiss is meritless. Second, Defendant has not, and could not, make a showing that preparing initial disclosures and responding to eleven Document Requests would be unduly burdensome. Third, Defendant raised no other issue or factor to support the existence of "good cause" for a protective order. In fact, granting a protective order here, where Defendant has styled a portion of its motion to dismiss as a summary judgment

motion, which has been countered by a Rule 56(f) affidavit, would interfere with the orderly and efficient conduct of this litigation.

### THE FUND'S JOINDER IN THE MOTION TO DELAY PRODUCING THE REQUESTED DOCUMENTS TO AVOID THE "EXPENSE" OF PRODUCING THEM IS BOTH FRIVOLOUS AND TROUBLING.

In its Joinder in the Defendant's Motion, the Fund says that it seeks to delay producing the Requested Documents to avoid the "expense" of producing them. (*See* Fund's Joinder, at 1) That position by the Fund is both frivolous and troubling.

It is frivolous, because in light of the limited, specific documents requested in the Document Request, the "expense" of producing the Requested Documents, would be *di minimis.* Significantly, the Fund does not argue otherwise. Just as the Defendant did not factually support, in any way, its assertion that producing the Requested Documents would be burdensome, the Fund makes no effort to quantify the "expense" it would incur in producing the Requested Documents.

It is troubling because the Plaintiff brings this action on behalf of the Fund, which will receive the recovery from the Defendant if this action is successful. The recovery sought for the Fund is currently approximately $38 million. The Fund continues to pay the Defendant approximately $2.3 million per month in the Rule 12b-1 Distribution Fees at issue in this case. Hence, the Fund's potential recovery from this action increases approximately $2.3 million per month. (*See* Complaint, ¶¶ 34 and 36). Furthermore, if this action is successful, the Fund would save approximately $140 million more, by ceasing its Rule 12b-1 payments to the Defendant in the future. (*See* O'Connor Decl., ¶ 13 and Complaint, ¶ 36).

Under these circumstances, Plaintiff submits that there is no good faith reason for the Fund, if it was acting in its own interests and the interests of its shareholders (and not

in the interests of the Defendant) for the Fund to have joined in the instant Motion or for the Fund to have not produced the Requested Documents to the Plaintiff.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully submits that Defendant's motion for a protective order, and the Fund's Joinder, should be denied.

Dated: April 2, 2004.

Respectfully submitted by the attorneys for the plaintiff,

_Christine E. Morin_
Edward F. Haber (BBO No. 215620)
Christine E. Morin (BBO No. 600237)
Todd Heyman (BBO No. 643804)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

OF COUNSEL:
Richard L. Vita (BBO No. 510260)
77 Franklin Street, 3rd Fl.
Boston, MA 02110
(617) 426-6566

[Filed stamp: DISTRICT COURT, DISTRICT OF MASS., P 5:45, CLERK'S OFFICE]

## CERTIFICATE OF SERVICE

I, Christine E. Morin, hereby certify that a true copy of the above document was served upon the attorneys for the Defendant Eaton Vance Distributors, Inc., W. Shaw McDermott, Kirkpatrick & Lockhart LLP, 75 State Street, Boston, MA 02109, and Jeffrey B. Maletta, Kirkpatrick & Lockhart LLP, 1800 Massachusetts Avenue, NW, 2nd Fl., Washington, D.C. 20036, by hand and by overnight delivery, respectively, and on the attorneys for Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1, Sanford F. Remz, Yurko & Salvesen, PC, One Washington Mall, 11th Floor, Boston, MA 02108-2603, by hand, on April 2, 2004.

_Christine E. Morin_
Christine E. Morin

12