# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

                **Plaintiff,**

    **VS.**

**EATON VANCE DISTRIBUTORS, INC.,**           **Civil Action No. 03-12437- RCL**

                **Defendant, and**

**EATON VANCE TAX-MANAGED GROWTH FUND 1.1,**

              **Nominal Defendant.**

## JOINT STATEMENT AND PROPOSED SCHEDULING
## ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), attorneys for the Plaintiff Michelle Yameen, the Defendant Eaton Vance Distributors, Inc. (the "Defendant Distributors") and the Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1 (collectively the "Defendants"), conferred via telephone on April 29, 2004. This telephonic meeting was conducted by:

| | |
|---|---|
| For Plaintiff: | Edward F. Haber, Esq. |
| | Christine E. Morin, Esq. |
| | Shapiro Haber & Urmy LLP |
| | Exchange Place |
| | 53 State Street, 37th Fl. |
| | Boston, MA 02109 |
| | (617) 439-3939 |
| For Defendant Eaton Vance Distributors, Inc.: | Wm. Shaw McDermott, Esq. |
| | Kirkpatrick & Lockhart LLP |
| | 75 State Street |
| | Boston, MA 02109 |
| | (617) 261-3100 |
| | |
| | Jeffrey B. Maletta, Esq. |

Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, NW
Washington, D.C. 20036-1800
(202) 778-9062

For Nominal Defendant
Eaton Vance Tax-Managed
Growth Fund 1.1:

Sanford F. Remz
Yurko & Salvesen PC
One Washington Mall, 11th Fl.
Boston, MA 02108-2603
(617) 723-6900

The parties hereby submit the following Joint Statement, pursuant to Local Rule 16.1(D).

1.    <u>Matters to be Discussed at Scheduling Conference</u>.  The parties will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A):

a.    A proposed pre-trial schedule for the case that includes the plan for discovery and deadlines;

b.    Anticipated dispositive and pre-trial motions;

c.    Alternative Dispute Resolution;

d.    Settlement; and

e.    The parties' views concerning other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c), including:

(i).    A Stipulation and [Proposed] Protective Order that the parties have negotiated, which was previously filed (if not already entered); and

(ii).    Defendant Distributors wishes to discuss the extent to which, after document discovery is complete, discovery should proceed pending resolution of its Motion to Dismiss.[1]

2.    Schedule for Discovery.

Counsel for the parties are in agreement as to the appropriate timetable for discovery, which is set forth in the table below.

a.    Automatic Disclosures.    The parties have produced their statements of their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2.  The parties will be producing the documents described therein within the time required by those rules, subject to extensions agreed to by the parties.

b.    Discovery and Motion Schedule.

The parties' proposed timetable for completing the various phases of discovery and serving and filing various discovery-related and dispositive motions is as follows:

---

[1]    Defendant Distributors previously filed a Motion for Protective Order to Stay all Discovery pending resolution of its Motion to Dismiss or, in the Alternative for Summary Judgment. The only discovery request then pending was Plaintiff's Request for Production of Documents. The Court denied the Motion by order entered April 22, 2004, and the parties have since exchanged initial disclosures and Defendants have responded to Plaintiff's Document Request. Plaintiff disagrees that this is an appropriate subject for discussion at a scheduling conference. Plaintiff believes that, for substantially the reasons set forth in its opposition to the Motion for Protective Order, no limits on discovery are warranted, and respectfully submits that the Court has already decided that full discovery should proceed.

| EVENT | AMOUNT OF TIME PROPOSED |
|---|---|
| **FACT DISCOVERY**<br><br>The parties agree that all deposition notices and subpoenas, and all discovery requests with the exception of requests for admission, must be served with sufficient time for compliance no later than the specified deadline for the completion of fact discovery. | The parties agree that Fact Discovery shall be completed by November 30, 2004, which allows them approximately 7 months to complete this phase.<br><br>**Agreement Regarding Any Motions to Compel Discovery**<br><br>The parties further agree that any motions to compel fact discovery shall be served no later than December 10, 2004, which is ten (10) days after the close of fact discovery.<br><br>**Agreement Regarding Requests For Admissions**<br><br>The parties further agree that any Requests for Admissions pursuant to Fed. R. Civ. P. 36 shall be served no later than March 16, 2005. |
| **IDENTIFICATION OF EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2).** | The parties agree that Plaintiff's expert reports shall be served no later than January 17, 2005, which is approximately 6 weeks after the completion of fact discovery.<br><br>The parties agree that Defendant's expert reports shall be served within thirty (30) days of service of Plaintiff's expert reports, or by February 17, 2005, whichever is earlier. |
| **IDENTIFICATION OF REBUTTAL EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | The parties agree that Plaintiff's rebuttal expert disclosures shall be served no later than ten (10) days after service of Defendant's expert reports, or February 28, 2005, whichever is earlier. |

| EVENT | AMOUNT OF TIME PROPOSED |
|---|---|
| **EXPERT DEPOSITIONS** | The parties agree that expert depositions shall be completed by March 11, 2005. |
| **SUMMARY JUDGMENT** | The parties agree that any motions for summary judgment and supporting papers shall be filed and served no later than April 15, 2005, with oppositions to be filed and served no later than May 16, 2005. |

3.  <u>Discovery Limits</u>.  The parties have agreed that they will be able to effectively conduct discovery within the limits set forth in Local Rule 26.1(C), except that Plaintiff's counsel hereby requests leave to take up to fifteen (15) depositions of fact witnesses in this case, instead of the ten (10) depositions permitted by Local Rule 26.1(C).  Defendants have no objection to permitting Plaintiff to take up to fifteen (15) depositions.  Said number of depositions may be necessary in this case due to the fact that the actions of the Defendants complained of in this action were authorized by a board of more than ten trustees, each of whom may need to be deposed by Plaintiff's counsel, in addition to the anticipated depositions of Defendants, through their Rule 30(b)(6) designees.

Notwithstanding the parties' agreement at this time to conduct discovery within the limits of LR 26.1(C) (with the exception noted above), the parties reserve their rights to seek by motion additional discovery, for good cause shown, if it is later determined that such discovery is necessary.

4.  <u>Settlement</u>.  Pursuant to Local Rule 16.1(C), Plaintiff will tender a written settlement proposal to Defendant no later than ten (10) days prior to the Scheduling

Conference to be held pursuant to Local Rule 16.1(A). Defendant's counsel will respond to the settlement proposal prior to the Scheduling Conference.

5.    <u>Trial by Magistrate Judge</u>. At this time, neither party is prepared to consent to trial by a Magistrate Judge.

6.    <u>Budget and Alternative Dispute Resolution</u>. Counsel for the parties have conferred with their respective clients concerning establishing a budget for litigation and the use of Alternative Dispute Resolution ("ADR"). At this juncture, the parties are not interested in ADR. The parties have agreed to consider mediation or arbitration on an ongoing basis as an option for the resolution of this matter. The parties have attached their certifications required pursuant to Local Rule 16.1(D)(3).

7.    <u>Modification of Schedule</u>. The parties agree that all dates set forth herein may be modified by written agreement of the parties approved by the Court, or upon order of the Court for good cause shown.

Dated: June 23, 2004.

Plaintiff Michelle Yameen,
by her Attorneys,


/s/Christine E. Morin
Edward F. Haber (BBO No. 454680)
Christine E. Morin (BBO No. 600237)
SHAPIRO HABER & URMY LLP
75 State Street
Boston, MA 02109
(617) 439-3939

Defendant Eaton Vance Distributors, Inc.,
by its Attorneys,


/s/Aimée E. Bierman
Wm. Shaw McDermott (BBO #330860)
Aimée E. Bierman (BBO #640385)
Amy B. Abbott (BBO #648072)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109-1808
(617) 261-3100


Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
Kirkpatrick & Lockhart LLP

-6-

1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000

Attorneys for Defendant Eaton Vance
Distributors, Inc.


Nominal Defendant Eaton Vance Tax-
Managed Growth Fund 1.1,
by its attorneys,


/s/Sanford F. Remz
Sanford F. Remz
Yurko & Salvesen PC
One Washington Mall, 11th Fl.
Boston, MA 02108-2603
(617) 723-6900