SCANNED
DATE: 06/18/04
BY: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

Plaintiff,

VS.

EATON VANCE DISTRIBUTORS, INC.,

Defendant, and

EATON VANCE TAX-MANAGED
GROWTH FUND 1.1,

Nominal Defendant.

Civil Action No. 03-12437- RGT NMG

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

THE UNDERSIGNED HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the following Stipulation and [Proposed] Protective Order (the "Protective Order") be entered in this action pursuant to Fed. R. Civ. P. 26(c):

#### PROCEEDINGS AND FORM OF INFORMATION GOVERNED

1.   This Protective Order shall govern the handling, disclosure, and use of all Information which is furnished orally, in writing, by visual inspection or otherwise, by, through, or on behalf of any Party or any third party (the "Disclosing Party") to any other Party ("the Receiving Party") in connection with discovery to be conducted in the above-entitled action (the "Litigation"). "Information" includes, but is not limited to, documents and things produced by any Disclosing Party to another Party, responses to requests to produce documents or things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, excerpts, summaries, compilations, designations, and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived



therefrom or related thereto.

## DEFINITIONS

As used in this Protective Order, the following terms shall have the meanings set forth below:

2.  "Confidential" or "Confidential Information" means all Information of a personal or private nature (financial or otherwise) and all Information of a scientific, technical and/or commercial nature of any sort including, but not limited to: (i) trade secrets and other proprietary technical, research, and development Information, (ii) commercial, financial, budgeting, and accounting Information, (iii) Information about existing and potential customers, (iv) marketing studies, projections, and market performance Information, (v) Information about business strategies, decisions, and negotiations, (vi) Information relating to sales and marketing, (vii) profit and loss Information, (viii) marketing and strategic planning Information (including, but not limited to, market share and marketing segment Information), (ix) proprietary Information about affiliates, parents, and subsidiaries, and (x) Information pertaining to third persons with whom a Disclosing Party has had or is maintaining a business relationship.

3.  The term "Party" shall mean Michelle Yameen, or Eaton Vance Distributors, Inc., or the Eaton Vance Tax-Managed Growth Fund 1.1.

## DESIGNATION OF CONFIDENTIAL INFORMATION

4.  All Confidential Information shall have stamped or affixed thereon the word "CONFIDENTIAL." The Disclosing Party shall use due care in deciding whether to label Information as Confidential. The designation of Confidential Information shall be made at the following times:

-2-

a.  For documents and things, prior to the time such documents and things, or copies thereof, are physically delivered to the Receiving Party. In the event that the Disclosing Party elects to permit inspection of requested documents and things pursuant to Federal Rule of Civil Procedure 34(b), rather than delivering originals or copies of the materials to the requesting Party, no designation of Confidential Information need be made prior to the inspection, and for purposes of the inspection, all documents and things subject thereto shall be treated as Confidential Information. Documents offered by the Disclosing Party for such inspection by the Receiving Party shall be inspected only by persons allowed access to Confidential Information under paragraph 11 below. At any such inspection of documents and things, the Receiving Party shall not make any copies thereof, but shall identify the Information that the Receiving Party wishes to have copied and delivered to it. Following the inspection, the Disclosing Party shall promptly number, copy, and deliver to the Receiving Party the identified documents and things, and shall, prior to delivery thereof, label any such Information that it designates as Confidential in accordance with this paragraph 4.

b.  For written responses to interrogatories or requests for admissions, at the time of service of the written response;

c.  For deposition testimony, at the time of the testimony or in writing within thirty (30) days after receipt by the Disclosing Party of the transcript of the deposition, in accordance with paragraph 13 below; and

d.  For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within ten (10) days of the first disclosure thereof.

5.  With respect to Information that is comprised of multiple pages, disks, or parts, each

-3-

individual page, disk, and/or part shall be labeled Confidential in accordance with paragraph 4, above.

## USE OF CONFIDENTIAL INFORMATION

6.  The Receiving Party shall maintain Confidential Information in strict confidence, shall not disclose the same to another, except as permitted in paragraph 11 below, and shall not use any Disclosing Party's Confidential Information for any purpose whatsoever, other than this Litigation.

7.  If, prior to trial, counsel for a Receiving Party desires to file any papers with the Court that include, refer to, or rely upon any Information that a Disclosing Party has designated as Confidential, counsel for the Party intending to use such Confidential Information shall so notify counsel for the Disclosing Party a reasonable time in advance thereof so that counsel for the Disclosing Party may apply to the Court for an appropriate order, pursuant to Local Rule 7.2 of this Court, to protect the Confidential Information from public disclosure. If this Court denies the Disclosing Party's motion pursuant to Rule 7.2, the Receiving Party may file papers with the Court that include, refer to, or rely upon the Information that the Disclosing Party designated as Confidential and which was the subject of the denied motion. Provisions for the use and communication of Confidential Information during any trial of this Litigation shall be pursuant to such further orders as the Court may deem appropriate at that time to preserve confidentiality.

8.  Notwithstanding a Disclosing Party's designation of Information as Confidential, if during any court hearing Confidential Information is described, referred to, or relied upon, the hearing shall continue, provided however, that the Disclosing Party who designated the Information as Confidential may request that the Court, in its discretion, conduct the hearing in a manner or in

a location to ensure that the Confidential Information is not disclosed to persons not authorized under this Order to have access to the Confidential Information, and further, may move, pursuant to this Court's Local Rule 7.2, that the portions of the transcript of any such hearing at which Confidential Information is disclosed be marked Confidential and protected from public disclosure.

### RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

9.  In the event that any Party disputes the propriety of a designation of Information as Confidential, such Party shall provide each other Party, or third party, if the dispute involves Information produced by such third party, with written notice, and all parties shall make good faith efforts to resolve the dispute without intervention of this Court. In the event that the parties are unable to resolve the dispute, the Party disputing the designation may request appropriate relief from this Court. The burden of establishing that the Information has been properly designated as Confidential Information is on the Disclosing Party making such designation. The challenged designation shall remain in effect until changed by order of the Court or agreement of the Disclosing Party. This Protective Order does not alter the burden imposed by law on any Disclosing Party objecting to, or otherwise seeking to limit the production or dissemination of documents and things. This Protective Order also does not alter any procedures for resolving discovery disputes established by this Court or the Federal Rules of Civil Procedure.

10. Any Party shall have the right to assert that any Information designated as Confidential by a Disclosing Party is, in fact, in the public domain. Any Information that prior to disclosure hereunder was already in the possession or within the knowledge of any person or entity other than the Disclosing Party, who absent this Protective Order, would be under no restriction with respect to such Information, or that is public knowledge, or that becomes public knowledge other

than through an act or omission of a Receiving Party, shall be deemed to be in the public domain. Any Receiving Party asserting that Confidential Information is in the public domain shall, prior to any disclosure thereof (other than the disclosures permitted in paragraph 11 of this Protective Order), notify the Disclosing Party in writing of the Receiving Party's intention to disclose such information, and shall make no such disclosure until the earlier of (i) receipt of the Disclosing Party's written agreement that the Information is in the public domain, or (ii) the tenth (10th) business day following the delivery to the Disclosing Party of said notice. If during that 10 business day period the Disclosing Party files a motion regarding the confidentiality of the Information at issue, the Receiving Party shall not disclose it (other than the disclosures permitted in paragraph 11 of this Protective Order) until the Court rules on that motion.

## ACCESS TO CONFIDENTIAL INFORMATION

11.     Notwithstanding paragraph 6, Confidential Information may be disclosed to:

a.     The Receiving Party and all counsel for the Receiving Party and such counsels' secretarial, clerical and paralegal staffs, and litigation support providers (for example, outside copy services, graphic artists and visual aid providers, and jury consultants) whose duties and responsibilities require access to Confidential Information;

b.     Experts and consultants who are not present employees of any Party, or of any parent, subsidiary, affiliate or related company of any Party, and the secretarial and clerical staffs of such experts and consultants (and employees thereof), who are requested by the Receiving Party's counsel to furnish technical, consulting and/or expert services in connection with the Litigation, provided, however, that before any Receiving Party discloses another Party's Confidential Information to any expert or consultant, counsel for the Receiving Party shall: (i) provide the expert or consultant with a copy of this Protective Order, (ii) explain to the expert or consultant its terms,

and (iii) obtain the expert's or consultant's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms;

      c.    Witnesses at depositions or trial;

      d.    Court officials involved in this Litigation (including, but not limited to court reporters and officers before whom depositions are taken, including stenographic and videographic reporters and any persons operating audio or video reporting equipment at depositions) and any necessary secretarial, clerical or other lay personnel of such court officials or officers;

      e.    Any other person agreed to by the parties in writing or allowed by the Court; and

      f.    Any person specifically identified in an item containing or comprising Confidential Information as an author or recipient of such item (or a copy thereof).

12.    Each Party shall maintain every other Party and third party's Confidential Information in a location and under circumstances to ensure that access is limited to those persons entitled to have access to such Confidential Information under this Protective Order.

## DEPOSITIONS

13.    Depositions or portions thereof shall constitute Confidential Information if, and only if, (a) during the course of the deposition counsel for any Disclosing Party on the record so designates the same, or (b), within thirty (30) days of the date of receipt of the written transcript, counsel for any Disclosing Party notifies counsel for the other Parties in writing of the portion(s) of the deposition testimony, by page(s) and line(s) of the transcript, that constitutes Confidential Information. Until the expiration of such thirty (30) day period, all Information disclosed during the course of any deposition shall be treated by each Receiving Party as Confidential Information.

## PARTY'S OWN INFORMATION

14.     A Disclosing Party is free to do whatever it desires with its own Confidential Information.

## RENDERING ADVICE TO CLIENTS

15.     Nothing in this Protective Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the Litigation and, in the course thereof, referring to or relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not disclose Confidential Information if that disclosure would be contrary to this Protective Order.

## NO WAIVER

16.     It is preferred that Confidential Information be designated as such prior to, or contemporaneously with, the production or disclosure of the Information to a Receiving Party. However, a Disclosing Party that has produced or disclosed Information without designating it Confidential Information may later designate such Information as Confidential by giving written notice to counsel for the Receiving Party. Under such circumstances, no Receiving Party shall have any obligation or liability due to any disclosure of the Information that occurred prior to the receipt of such notice.

17.     Other than as specified herein, the taking of, or the failure to take, any action to enforce any provision of this Protective Order, or the failure to object to any designation of Information as Confidential, shall not constitute a waiver of any rights to later seek and obtain protection or relief in this Litigation or any other litigation, including, but not limited to, the right to claim that any Information is or is not proprietary to any Disclosing Party, is or is not entitled to particular protection. The designation or lack of designation of Information as Confidential shall not

constitute an admission that such Information is or is not Confidential or proprietary. The procedures set forth herein shall not affect the rights of any Disclosing Party to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Disclosing Party of the necessity of providing complete and proper responses to discovery requests.

### ATTORNEY-CLIENT PRIVILEGE

18. Nothing in this Protective Order shall require disclosure of Information that is protected by the attorney-client privilege, work product immunity or other privilege or immunity.

19. Inadvertent production or disclosure of any Information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the Disclosing Party's claim of such privilege. In the event that any Disclosing Party believes it has inadvertently disclosed to another Party Information protected by the attorney-client privilege, work product immunity or other privilege or immunity, it shall promptly notify the Receiving Party of its belief, and the substance of the Information so disclosed, and shall retain all rights at law and in equity with respect to such Information including, but not limited to, the right to seek the return of such Information and to preclude the further use and/or dissemination thereof. For a period of fifteen (15) days commencing on the date that notice of such inadvertent disclosure of privileged Information is received, the Receiving Party shall use its best efforts to insure that no further disclosure or use thereof shall be made. In the event the Disclosing Party shall within such fifteen (15) days period, submit to the Court a request for an order to have the Receiving Party return to the Disclosing Party such Information and make no further use thereof, the Receiving Party shall use its best efforts to insure that no further disclosure nor use thereof shall be made by the Receiving Party until the Court has ruled on the request.

## SUBPOENA OF CONFIDENTIAL
## INFORMATION PRODUCED IN LITIGATION

20. In the event that any Receiving Party is served with a subpoena or other request to produce Confidential Information of any Disclosing Party, which is sought by any person or entity not a Party to this Litigation, whether in another action or in connection with any legal process, said Receiving Party shall promptly notify in writing counsel for the Disclosing Party. Any person or entity not a Party to this Litigation seeking such Confidential Information through such subpoena or other legal process shall be apprised of this Protective Order by counsel for the Party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

## TERMINATION OF LITIGATION

21. Within sixty (60) days of the final disposition of this Litigation, including any and all appeals therefrom, attorneys for the Receiving Party shall return to the Disclosing Party, or shall destroy, all Confidential Information (including all copies thereof) of the Disclosing Party, and, upon request of the Disclosing Party, the attorney for the Receiving Party shall deliver to the Disclosing Party or its attorneys of record, written confirmation that there has been compliance with the terms of this paragraph 19; provided, however, that the Receiving Party's counsel may retain one copy of the pleadings and other papers filed with the Court or served in the course of the Litigation, including depositions, deposition exhibits and the trial record, and work product that includes aspects of Confidential Information, subject to the obligations hereunder.

## CHANGES TO THIS PROTECTIVE ORDER

22. This Protective Order may be changed only by written agreement of the Parties as approved by the Court, or further order of the Court, and is without prejudice to the rights of any Party to seek relief from or variation of any of its provisions.

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

23. Except as otherwise expressly provided herein above, the obligations of this Protective Order shall survive the termination of the Litigation and continue in full force and effect.

AGREED:
SHAPIRO HABER & URMY LLP

*/s/ Christine E. Morin*
Edward F. Haber (BBO #215620)
Christine E. Morin (BBO #600237)
53 State Street
Boston, MA 02109
(617) 439-3939

*Attorneys for Plaintiff*
*Michelle Yameen*

KIRKPATRICK & LOCKHART LLP

*/s/ Wm. Shaw McDermott*
Wm. Shaw McDermott (BBO #330860)
Aimée E. Bierman (BBO #640385)
75 State Street
Boston, MA 02109-1808
(617) 261-3100

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000

*Attorneys for Defendant*
*Eaton Vance Distributors, Inc.*

YURKO & SALVESEN, PC

_____
Sanford F. Remz (#549198)
Matthew C. Welnicki (#647104)
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

*Attorneys for Nominal Defendant
Eaton Vance Tax-Managed Growth
Fund 1.1*

SO ORDERED this _____ day of _____
~~June~~ 2004.

_____
U.S.D.J.

I HE~~...~~
~~...~~ WAS SERVED UPON THE ATTORNEY OF RECORD
~~...~~ EACH OTHER PARTY BY MAIL ~~HAND FAX~~ ON 6/17/04

_____