UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE YAMEEN,<br><br>      Plaintiff,<br><br>  -vs.-<br><br>EATON VANCE DISTRIBUTORS, INC., JESSICA M. BIBLIOWICZ, JAMES B. HAWKES, SAMUEL L. HAYES, NORTON H. REAMER, LYNN H. STOUT, WILLIAM H. PARK, RONALD A. PEARLMAN, JACK L. TREYNOR, DONALD R. DWIGHT,<br><br>      Defendants,<br><br>  -and-<br><br>EATON VANCE TAX-MANAGED GROWTH FUND 1.1,<br><br>      Nominal Defendant. | Civil Action No. 03-12437-RCL |

**PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO MOTION OF EATON VANCE DISTRIBUTORS, INC.
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

      Now comes the Plaintiff, Michelle Yameen, in the above-referenced action and she respectfully makes this supplemental submission in order to bring to the attention of the Court the August 26, 2004 decision of the United States District Court for the Southern District of New York in *Pfeiffer v. Bjurman Barry & Associates,* 2004 W.L. 1903075 (S.D.N.Y.), a copy of which is attached hereto as Exhibit A.

      The *Pfeiffer* decision is directly on point with respect to one of the arguments

advanced by the Defendant in support of its motion to dismiss.  Specifically, the Defendant argues in Section II of its memorandum in support of its motion to dismiss that the Rule 12b-1 distribution fees at issue in this case cannot be excessive under Section 36(b) of the Investment Company Act of 1940 because the annual percentage of the Fund's assets charged for those fees does not exceed the maximum permitted by NASD Rule 2830.

The same argument was advanced by the defendants in *Pfeiffer* in support of their motion to dismiss.  The Court in *Pfeiffer* rejected that argument and denied the motion to dismiss, holding as follows:

> ...The defendants heavily rely on the argument that, because the Plan caps its Rule 12b-1 fees at 0.25% of the Fund's average daily assets – or one-fourth less than the maximum asset – based charge allowed by the SEC [and the NASD] – the fees are *per se* reasonable.  The defendants cite no case law for this proposition.

*Id.* at *5.

The *Pfeiffer* decision is direct, on point authority in support of the arguments made on pages 13-14 of Plaintiff's Memorandum of Law in Opposition to Motion of Eaton Vance Distributors, Inc. to Dismiss or, in the Alternative, for Summary Judgment.

2

Dated:   September 7, 2004

        Respectfully submitted
        by the attorneys for the Plaintiff,

        **/s/Theodore M. Hess-Mahan**
        Edward F. Haber BBO No. 215620
        Theodore Hess-Mahan BBO No. 557109
        Todd S. Heyman BBO No. 643804
        Shapiro Haber & Urmy LLP
        53 State Street
        Boston, MA 02109
        (617) 439-3939

OF COUNSEL:

Richard J. Vita BBO No. 510260
77 Franklin Street, 3rd Fl.
Boston, MA 02110
(617) 426-6566