UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE YAMEEN,

        Plaintiff,

    v.

EATON VANCE DISTRIBUTORS, INC.,

        Defendant, and

EATON VANCE TAX-MANAGED
GROWTH FUND 1.1.,

        Nominal Defendant.

Civil Action No. 03-12437-RCL

**DEFENDANT'S PROPOSED[1] RESPONSE TO PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION OF EATON VANCE DISTRIBUTORS, INC. TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In her Submission of Supplemental Authority, plaintiff Michelle Yameen ("Plaintiff") has contended that Pfeiffer v. Bjurman Barry & Associates, 2004 WL 1903075 (S.D.N.Y. Aug. 26, 2004), is "direct, on point authority" in support of certain of her arguments. Plaintiff is mistaken. To the contrary, Pfeiffer:

- refutes Plaintiff's principal across-the-board legal argument that a fund's board of directors necessarily breaches its fiduciary duties by approving payment of 12b-1 fees to a closed fund;

- dealt with a no-load fund that (by definition) is not sold through brokers and therefore was not and could not have been paying broker-dealers' commissions for past marketing and sales efforts as specifically authorized by the NASD and SEC as per se reasonable; and

---

[1] As per Judge Reginald C. Lindsay's September 12, 2003 Standing Order Regarding Electronic Case Filing, if leave to file the attached Response is granted, Defendant will promptly electronically re-file this document, indicating same.

- does not (and had no occasion to) address two of the principal legal arguments raised by Defendant Eaton Vance Distributors, Inc.

We briefly discuss each point in turn.

First, the Pfeiffer court specifically and correctly noted that applicable SEC and NASD rules expressly permit "a fund that is closed to new investors to continue charging an asset-based sales charge" (i.e., a 12b-1 fee), and cited NASD Rule 2830(d)(2). Pfeiffer, 2004 WL 1903075 at *5. Pfeiffer thus is flatly inconsistent with what is essentially the entire basis for Plaintiff's case: her meritless contention that Rule 12b-1 is necessarily violated when the board of a fund that is closed to new investors continues to authorize payment of Rule 12b-1 fees.

Second, in other relevant respects, Pfeiffer is a fundamentally different case because it dealt with a so-called "no-load" fund that, by definition, is not sold by brokers and therefore has no past distribution expenses to reimburse. Id. 2004 WL at *1 (fund at issue in Pfeiffer "is 'no load'"). ***Plaintiff Pfeiffer himself argued the importance of this basic difference and sought to distinguish his case from the facts of the instant case***. Plaintiff Pfeiffer's brief states in pertinent part:

> The Fund at issue is a "no-load" fund, meaning that … 12b-1 fees are not used to pay broker-dealers' commissions for past marketing and sales efforts because the advisor is not required to advance any commissions to the broker-dealer at the time of sale. In contrast, funds that charge a "sales load" generally sell fund shares through registered broker-dealers that charge a commission (i.e., a load) at the time of sale…. *Use of 12b-1 fees to pay for past brokerage commissions (often called "trail commissions") is typical for funds that sell shares designated as "Class B" shares. Generally load funds offer the option of purchasing fund shares in the form of either Class A shares (where customer pays the sales commission upfront) or Class B shares (where the sales commission is advanced by the advisor and recovered over time using 12b-1 fees)*.

Plaintiff Pfeiffer's Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 8-9 (emphasis supplied) (a copy of which is attached hereto as Exhibit A).

It is undisputed that the Eaton Vance fund at issue is a load fund, and that the 12b-1 fees at issue were used to reimburse Defendant Eaton Vance Distributors, Inc. for actual uncovered distribution charges incurred by Defendant in connection with past sales of the fund's Class B and Class C shares.  As demonstrated in Defendant's memoranda, in this context, 12b-1 fees that comply with NASD Rule 2830 *are per se reasonable* because the SEC and NASD have specifically authorized payment of actual past distribution expenses consistent with Rule 2830.  Rule 2830, in turn, implements the congressional mandate in Section 22(b) of the Investment Company Act of 1940, which gave the NASD *exclusive authority* (subject to SEC oversight) to strike a balance between prohibiting "excessive" sales charges and "allow[ing] for reasonable compensation for sales personnel, broker-dealers, and underwriters."  See 15 U.S.C. § 80a-22(b)(1).  This balance could not be maintained were courts applying Section 36(b) to intrude with their own judgments concerning what constitutes "excessive" fees and, accordingly, Section 22(b) trumps Section 36(b).  See  15 U.S.C. § 80a-22(b)(3).

Third, because the Pfeiffer defendant did not raise the issue, the Pfeiffer court had no occasion to address two of the principal arguments raised by Eaton Vance Distributors, Inc. in this case: (1) that federal courts have repeatedly dismissed Section 36(b) complaints that fail to allege excessive advisory fees (either alone or in combination with other fees and "fall-out" benefits) and instead plead only excessive distribution or other fees, and (2) that the plain language of Section 36(b)(4) expressly removes the 12b-1 fees at issue from the scope of Section 36(b)(4).

## **CONCLUSION**

For these reasons, and for the reasons set forth in Defendant's memoranda, Plaintiff's complaint should be dismissed with prejudice, or summary judgment should be granted in Defendant's favor.

Respectfully submitted,

 /s/ Aimée E. Bierman
Wm. Shaw McDermott (BBO #330860)
Aimée E. Bierman (BBO #640385)
 abierman@kl.com
Amy B. Abbott (BBO #648072)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
(202) 778-9000

*Attorneys for Defendant*
*Eaton Vance Distributors, Inc.*

Date:  September 10, 2004

## **CERTIFICATE OF SERVICE**

I, Aimée E. Bierman, hereby certify that on September 10, 2004, a true and correct copy of the foregoing Defendant's Proposed Response to Plaintiff's Submission of Supplemental Authority in Opposition to Motion of Eaton Vance Distributors, Inc. to Dismiss or, in the Alternative, for Summary Judgment was served electronically via ECF as follows:

>Edward F. Haber, Esq.
>SHAPIRO HABER & URMY LLP
>Exchange Place
>53 State Street
>37th Floor
>Boston, MA  02109

>/s/ Aimée E. Bierman
>Aimée E. Bierman