UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE YAMEEN,<br><br>Plaintiff,<br><br>-vs.-<br><br>EATON VANCE DISTRIBUTORS, INC., JESSICA M. BIBLIOWICZ, JAMES B. HAWKES, SAMUEL L. HAYES, NORTON H. REAMER, LYNN H. STOUT, WILLIAM H. PARK, RONALD A. PEARLMAN, JACK L. TREYNOR, DONALD R. DWIGHT,<br><br>Defendants,<br><br>-and-<br><br>EATON VANCE TAX-MANAGED GROWTH FUND 1.1,<br><br>Nominal Defendant. | Civil Action No. 03-12437-RCL |

**PLAINTIFF'S UNOPPOSED MOTION PURSUANT TO LOCAL RULE 7.1(B)(3) FOR LEAVE TO FILE PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION OF EATON VANCE DISTRIBUTORS, INC. TO DISMISS OR IN THE ALTERNATIVE <u>FOR SUMMARY JUDGMENT</u>**

Now comes the Plaintiff, Michelle Yameen, in the above-referenced action and pursuant to Local Rule 7.1(B)(3) she respectfully moves this Court to grant her leave to file Plaintiff's Submission of Supplemental Authority in Opposition to Motion of Eaton Vance Distributors, Inc. to Dismiss or in the Alternative for Summary Judgment, in order to bring to the Court's attention January 19, 2005 decisions of the United States District Court for the Southern District of Texas in *Zucker v. Aim Advisors, Inc.*, No. H-03-5653 ("*Aim*") and

*Lieber v. Invesco Funds Group, Inc.*, No. H-03-5744 ("*Invesco*"). The *Aim* and *Invesco* decisions are directly on point with respect to the one of the arguments advanced by the Defendant in support of its motion to dismiss – that the Rule 12b-1 distribution fees at issue in this case cannot support plaintiff's claim under Section 36(b) of the Investment Company Act of 1940 because the annual percentage of the Fund's assets charged for those fees does not exceed the maximum permitted by NASD Rule 2830.

The Court in *Aim* and *Invesco* expressly rejected that identical argument, holding that: "Defendants misconstrue Rule 2830 . . . Rule 2830 is designed not to preempt §36(b) . . . Although compliance with Rule 2830 is necessary, it is not necessarily sufficient to insulate one from §36 liability . . . Defendants' argument that compliance with Rule 2830 precludes §36 liability, is unavailing." *Aim* at 10-11, *Invesco* at 10-11.

Accordingly, this motion should be allowed, so this Court will have the benefit of the on point decisions of the Court in *Aim* and *Invesco,* copies of which are Exhibits to the Supplemental Submission.

The Plaintiff says that she is advised by counsel for the Defendant that the Defendant does not oppose this motion.

Dated: January 27, 2005                              Respectfully submitted
                                                     by the attorneys for the Plaintiff,


                                                     /s/ Edward F. Haber
                                                     Edward F. Haber BBO No. 215620
                                                     Theodore Hess-Mahan BBO No. 557109
                                                     Todd S. Heyman BBO No. 643804
                                                     Shapiro Haber & Urmy LLP
                                                     53 State Street
                                                     Boston, MA 02109
                                                     (617) 439-3939

OF COUNSEL:

Richard J. Vita BBO No. 510260
77 Franklin Street, 3rd Fl.
Boston, MA 02110
(617) 426-6566

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I hereby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the issues raised in this motion.  Defendants do not oppose this motion.

                                     /s/ Edward F. Haber
                                       Edward F. Haber