**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHELLE YAMEEN,**<br><br>**Plaintiff,**<br><br>-vs.-<br><br>**EATON VANCE DISTRIBUTORS, INC.,**<br><br>**Defendant,**<br><br>-and-<br><br>**EATON VANCE TAX-MANAGED GROWTH FUND 1.1,**<br><br>**Nominal Defendant.** | **Civil Action No. 03-12437-RCL** |

**PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO MOTION OF EATON VANCE DISTRIBUTORS, INC.
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, Michelle Yameen, in the above-referenced action and she respectfully makes this supplemental submission in order to bring to the attention of the Court the January 19, 2005 decisions of the United States District Court for the Southern District of Texas in *Zucker v. Aim Advisors, Inc.*, No. H-03-5653 ("*Aim*") and *Lieber v. Invesco Funds Group, Inc.*, No. H-03-5744 ("*Invesco*"), copies of which are attached hereto as Exhibits A and B.

The *Aim* and *Invesco* decisions are directly on point with respect to one of the arguments advanced by the Defendants in support of their motion to dismiss – that the Rule 12b-1 distribution fees at issue in this case cannot support plaintiff's claim under

Section 36(b) of the Investment Company Act of 1940 because the annual percentage of

the Fund's assets charged for those fees does not exceed the maximum permitted by

NASD Rule 2830.

That identical argument was advanced by the defendants in *Aim* and *Invesco* in

support of their motions to dismiss.  The Court in *Aim* and *Invesco* rejected that argument,

holding as follows:

> Defendants misconstrue Rule 2830. ...Rule 2830 is designed not to preempt §36(b), but merely to limit sales charges imposed by NASD members under Rule 12b-1. The SEC has explained that "Rule 12b-1 was not intended to provide a 'safe harbor' from section 36 liability." *See* 53 Fed. Reg. 23,258, 23,272 n. 128 (Jun. 21, 1988); *see also* Meyer v. Oppenheimer Mgmt. Corp., 764 F.2d 76, 82 (2d Cir. 1985) ("[I]n proposing Rule 12b-1, the SEC emphasized that the Rule was not intended 'to reduce or limit in any way' the fiduciary duties imposed by section 36(b).") (citation omitted).  Given that Rule 12b-1 does not create a "safe harbor" from §36 liability, the proposition that NASD rules regulating conduct under Rule 12b-1 can themselves narrow the scope of §36 liability is not persuasive.  Indeed, Rule 2830 does not purport to do so.  Rule 2830 essentially places a cap on Rule 12b-1 sales charges: "[t]he rule deems a sales charge excessive if it exceeds the rule's caps." *See* 69 Fed. Reg. 9726, 9727 (Mar. 1, 2004).  It does not follow, however, that if charges conform to Rule 2830, they are *not* excessive for purposes of §36.  Although compliance with Rule 2830 is necessary, it is not necessarily sufficient to insulate one from §36 liability.  *See* Pfeiffer v. Bjurman, Barry & Assocs., CIV.A. No. 03 Civ. 9741 DLC, 2004 WL 1903075, at *5 (S.D.N.Y. Aug. 26, 2004) (rejecting argument that 12b-1 fees less than the maximum permitted by the SEC are per se reasonable).
>
> Thus, Defendants' argument that compliance with Rule 2830. . . precludes §36 liability, is unavailing.  Should Plaintiff succeed in showing that the 12b-1 fees paid by the Funds were excessive in comparison to services rendered by the Advisors, Defendants will not be able to argue that

they did not breach the fiduciary duties imposed by §36 and/or state law (or commit corporate waste) simply because those fees were within the limit imposed by Rule 2830.

(*Aim* at 10 -11; *Invesco* at 10 - 12).

The *Aim* and *Invesco* decisions are on point authority rejecting a key argument advanced by the Defendant at bar in seeking dismissal of the Complaint.  The analysis, reasoning and conclusion of the Court in *Aim* and *Invesco* are sound and persuasive, and should be followed by this Court.

For the reasons set forth in the *Aim* and *Invesco* decisions, and in the Plaintiff's previous submissions, the Defendant's Motion to Dismiss and for Summary Judgment should be denied.

Dated: January 27, 2005

Respectfully submitted by the
attorneys for the Plaintiff,

/s/Edward F.  Haber
EdwardF. Haber
(BBONo.215620)
Theodore M. Hess-Mahan
(BBO No. 557109)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
Tel.  (617) 439-3939
Fax (617) 439-0134

OF COUNSEL:

Richard J. Vita BBO No. 510260
77 Franklin Street, 3rd Fl.
Boston, MA 02110
(617) 426-6566