# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner

Theodore M. Hess-Mahan
Christine E. Morin
Todd. S. Heyman
Matthew L. Tuccillo
Lara A. Sutherlin

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

February 3, 2005

**HAND DELIVERY AND ELECTRONIC FILING**

Hon. Reginald C. Lindsay
United States District Judge
United States District Court
One Courthouse Way
Boston, Massachusetts 02210

Re:     *Michelle Yameen v. Eaton Vance Distributors Inc.*
        Civil Action No. 03-12437-RCL

Dear Judge Lindsay:

I represent the Plaintiff in the above referenced action. The parties are scheduled to appear before you in this action this coming Monday, February 7, at 3:00 p.m., for a hearing on the Defendant Eaton Vance Distributors, Inc.'s Motion to Dismiss and/or Motion for Summary Judgment and for a Rule 16 Scheduling Conference.

I write to advise Your Honor that the Plaintiff will be filing an Amended Derivative Complaint in this action. The Amended Derivative Complaint makes the following changes to the original Derivative Complaint:

1.      The past and present Trustees of the nominal defendant Eaton Vance Tax-Managed Growth Fund 1.1 are added as Defendants;

2.      Two additional causes of action are asserted, for violation of Section 36(a) of the Investment Company Act and for breach of fiduciary duty under Massachusetts law; and

3.      Substantial additional factual allegations are made.

Ordinarily, we would be filing the Amended Derivative Complaint today. However, many of the additional factual allegations set forth in the Amended Derivative Complaint derive from documents produced in this action by the Defendant Eaton Vance Distributors, Inc. ("EV Distributors"), which documents have been designated as "Confidential" by EV

SHAPIRO HABER & URMY LLP

Hon. Reginald C. Lindsay
February 3, 2005

Page 2


Distributors pursuant to the Protective Order entered by the Court in this action (Docket No. 31).[1]

Paragraph 7 of the Protective Order provides that when a "Receiving Party" desires to file papers with the Court which contain information designated "Confidential" by a "Disclosing Party," the Receiving Party shall first give the Disclosing Party notice so the Disclosing Party can file a motion, pursuant to Local Rule 7.2, seeking the approval of the Court for the filing to be made under seal.

We have, today, provided counsel for EV Distributors with a copy of the Amended Derivative Complaint and the notice required by ¶7 of the Protective Order.  Plaintiff will file the Amended Derivative Complaint after your Honor rules on EV Distributors' anticipated Local Rule 7.2 motion,[2] or on February 15, 2005 if no such motion is filed prior to that date.

I have brought these matters to your attention at this time in light of the Motion to Dismiss hearing and Rule 16 Scheduling Conference scheduled for February 7, since they may impact the agenda for that hearing.[3]

Respectfully,

Edward F. Haber

Enclosure

cc:    Jeffrey Malleta, Esq.
       Sanford F. Remz, Esq.

---

[1]EV Distributors has designated "Confidential" every document which they have produced to the Plaintiff in this action.  That practice is inconsistent with the requirement of the Protective Order that:  "The Disclosing Party shall use due care in deciding whether to label Information as Confidential."  Protective Order at ¶4.

[2]Plaintiff anticipates opposing that motion, in light of EV Distributors' *en masse* designation as "Confidential" all documents produced to the Plaintiff.

[3]The issues raised by EV Distributors' Motion to Dismiss concerning the Section 36(b) claims in the original Derivative Complaint are not rendered "moot" by the Amended Derivative Complaint.