## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**MICHELLE YAMEEN,**

                    **Plaintiff,**

          **VS.**

**EATON VANCE DISTRIBUTORS, INC.,**

                    **Defendant, and**

**EATON VANCE TAX-MANAGED
GROWTH FUND 1.1,**

                    **Nominal Defendant.**

**Civil Action No. 03-12437-DPW**

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR LEAVE TO FILE AMENDED DERIVATIVE COMPLAINT

### INTRODUCTION

Plaintiff respectfully submits this memorandum of law in support of her motion for leave to file the Amended Derivative Complaint. That motion has been filed pursuant to the procedure established by Judge Lindsay in his February 7, 2005 Order (the "Procedural Order"), attached hereto as Exhibit 1. The Plaintiff believes that she can file the Amended Derivative Complaint, as of right, pursuant to Rule 15(a), F. R. Civ. P. The Defendant disagrees. The Procedural Order granted Plaintiff leave to file the Amended Derivative Complaint under seal, which Plaintiff has done. The Procedural Order also provides that the Plaintiff shall file a Motion to Amend her Complaint and a "memorandum in support of that motion [which] shall address only the question of whether leave to amend the complaint is required." This memorandum addresses that question.

## HISTORY OF THIS ACTION

Plaintiff brought this action derivatively on behalf of the nominal defendant Eaton VanceTax-Managed Growth Fund 1.1 (the "Fund") against defendant Eaton Vance Distributors, Inc. ("Distributors") pursuant to Section 36(b) of the Investment Company Act ("ICA"). The initial Derivative Complaint (the "Complaint") alleges that Distributors breached its fiduciary duty to the Fund and its shareholders and violated Section 36(b) by charging and receiving from the Fund, Rule 12b-1 distribution fees (the "Distribution Fees") which are excessive.[1] Plaintiff seeks recovery for the Fund, from the Defendant, of the excessive fees paid by the Fund to the Defendant.

Distributors filed a motion to dismiss the Complaint.[2] The Fund – the nominal defendant – filed a document entitled Answer of Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1," a copy of which is attached hereto as Exhibit 2, which states in full, as follows:

> In response to paragraphs 1 through 50 of the Complaint, the Fund states that the Complaint names the Fund as a nominal defendant only and that the allegations contained in the Complaint are interposed solely against the Defendant Eaton Vance Distributors, Inc. Accordingly, because the allegations are not asserted against the Fund, no specific response is required on behalf of the Fund. The Fund submits itself to the jurisdiction of this Court for a proper adjudication of the claims purported to be set forth therein.

---

[1]    The Amended Derivative Complaint makes the following major changes to the original Complaint: (1) adds past and present Trustees of the Fund as defendants (the "Trustee Defendants"); (2) adds causes of action against the Defendant Distributors and the Trustee Defendants for violation of Section 36(a) of the Investment Company Act and for breach of fiduciary duty under Massachusetts law; and (3) adds substantial additional factual allegations based upon discovery obtained in this action.

[2]    By separate Order dated February 7, 2005, Judge Lindsay denied that motion, without prejudice.

For the reasons set forth below, pursuant to Fed. R. Civ. P. 15(a) Plaintiff has the right to file the Amended Derivative Complaint, without leave of Court.

### THE PLAINTIFF DOES NOT REQUIRE LEAVE TO AMEND HER DERIVATIVE COMPLAINT BECAUSE NO "RESPONSIVE PLEADING" HAS BEEN FILED WITHIN THE MEANING OF FED. R. CIV. P. 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...."  It is well-established that a plaintiff has a right to amend her complaint after a motion to dismiss has been filed because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a).  *See U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 242 (1st Cir. 2004);  *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir.2000); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 22 (1st Cir.1989).  Thus, Distributor's motion to dismiss is not a responsive pleading and therefore does not affect Plaintiff's right to file an Amended Derivative Complaint under Rule 15(a).

Similarly, the Fund's so-called "Answer" is not a responsive pleading within the meaning of Rule 15(a).  As the Fund's filing states: "...the Complaint names the Fund as a nominal defendant only and the allegations contained in the Complaint are interposed solely against ... Distributors...."  Exhibit 2 at 1.  The Fund's filing goes on to state that "because the allegations are not asserted against the Fund, ***no specific response is required on behalf of the Fund.***"  *Id.* (emphasis added).  Thus, by its own terms, the Fund's filing ***does not respond*** to the Derivative Complaint because the Fund, as a

nominal defendant in an action brought derivatively on its behalf, is not required to do so.[3] Furthermore, the Fund's filing does not constitute a responsive pleading because it does not join issue or reply to any of the allegations in the Complaint.  *See Continental Illinois National Bank and Trust Company of Chicago v. Four Ambassadors*, 599 F. Supp. 534, 536 n.4 (S.D. Fla. 1984) (defining responsive pleading "as one 'which joins issue and replies to a prior pleading of an opponent'"), quoting Black's Law Dictionary 1180 (5th ed. 1979).

### EVEN IF A CO-DEFENDANT HAS ANSWERED, IT DOES NOT AFFECT A PLAINTIFF'S RIGHT TO AMEND AGAINST A NON-ANSWERING DEFENDANT

Even if the Fund's filing were deemed to be a "responsive pleading," it would not affect the Plaintiff's Rule 15(a) right to amend the Complaint against Distributors without leave of Court because, as demonstrated above, Distributors has not filed a responsive pleading.  In cases involving multiple defendants "where some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants."  *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (quoting 3 Moore's Federal Practice ¶15.07[2] at 15-53 (2d ed. 1982)).  "'[I]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a "responsive pleading" has not been served for purposes of Rule 15(a) and plaintiff may amend [her] complaint as of course with regard to those defendants who have not answered.'"  *Id.* (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure §1481 (1971)).  *See also Peralta Community College District v. United National Ins. Co.*, No. 04-

---

[3]This is entirely consistent with prevailing Massachusetts law.  *See, e.g., Crowley v. Communications for Hospitals, Inc.*, 30 Mass. App. Ct. 751, 762, 573 N.E.2d 996, 1003 (1991) (court noted that company named only as nominal defendant in connection with derivative claim required no defense).

03287 SC, 2004 WL 225461, at *1 n.1 (N.D. Cal. Oct. 5, 2004) (quoting *Barksdale*, 699 F.2d at 747); *Rose v. Associated Universities, Inc.*, No. 00 CIV. 0460 (DAB), 2000 WL 1457115, at *3 (S.D.N.Y. Sept. 28, 2000) (same); *Douglas v. County of Tompkins*, No. 90-CV-841, 1995 WL 105993, at *16 n.11 (N.D.N.Y. Mar. 2, 1995) (same); *In re National Mortgage Equity Corp. Mortgage Pool Certificates Sec. Lit.,* 682 F. Supp. 1073, 1079 n.10 (C.D. Cal. 1987) (same); *Terry v. LaSalle National Bank*, No. 85 C 7351, 1985 WL 4242, at * 2 (N.D. Ill. Nov. 17, 1985) (same).

## **CONCLUSION**

Accordingly, for all the foregoing factual and legal reasons, Plaintiff may file the Amended Derivative Complaint without leave of Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Dated: February 18, 2005

Respectfully submitted by the attorneys for the plaintiff,

**/s/Edward F. Haber**
Edward F. Haber BBO No. 215620
Theodore Hess-Mahan BBO No. 557109
Lara Sutherlin BBO No. 651267
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939