UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE YAMEEN,<br><br>   Plaintiff,<br><br>  v.<br><br>EATON VANCE DISTRIBUTORS, INC.,<br><br>   Defendant, and<br><br>EATON VANCE TAX-MANAGED<br>GROWTH FUND1.1.,<br><br>   Nominal Defendant. | Civil Action No. 03-12437-DPW |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED DERIVATIVE COMPLAINT

### INTRODUCTION

Defendant Eaton Vance Distributors, Inc. ("EVD") opposes Plaintiff's Motion for Leave to File Amended Derivative Complaint. Plaintiff's efforts to file an amended pleading, first announced two business days before a long-scheduled hearing on Defendants' dispositive motion, are designed to delay resolution of this case, and to harass EVD and the prospective additional defendants, including individuals who serve as trustees of the "Nominal Defendant" Eaton Vance Tax-Managed Growth Fund 1.1 ("Fund"). It is part of a pattern of conduct that, at best, reflects a reckless disregard for the administration of justice, judicial economy, and the rights of the Defendants.

Plaintiff's conduct is not limited to the inexcusable delay in bringing the proposed Amended Complaint to the Court two business days before the hearing. The day after announcing the intention to amend, and only one business day before the February 7, 2005

hearing, Plaintiff advised the Court for the first time of the involvement as counsel for the Plaintiff of Ms. Lara Sutherlin, a former intern for and personal friend of the assigned judge, the Honorable Reginald C. Lindsay. Once made aware of the situation, Judge Lindsay recused himself without making any substantive ruling on Defendant's motion.

Rule 15.1 of the Rules of this Court provides that amendments adding parties "shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." Here Plaintiff apparently had been aware of both the intent to amend and Ms. Sutherlin's involvement for — in counsel's words — "a couple of months" before the hearing. Nonetheless, Plaintiff said nothing, even after December 22, 2004, when the Court set the February 7, 2005 hearing on Defendant's motion in a written notice. Meanwhile, the Court and defense counsel spent substantial time preparing for the hearing, only to have the proposed amended complaint and the disqualifying facts sprung upon them on the eve of the hearing.

Such a reckless — or deliberate — disregard for the orderly administration of justice and for the time and resources of the Court and the Defendants is inexcusable, and indeed, Plaintiff has offered no excuse or explanation. Moreover, the manner in which Plaintiff proposes to amend the Complaint — by adding two shareholder derivative claims subject to Fed. R. Civ. P. 23.1 — reveals another abuse of the Rules. Rule 23.1 imposes heightened pleading requirements, and a Plaintiff is not entitled to discovery to meet them. Here (just as in a similar case brought by Plaintiff's counsel) Plaintiff has improperly filed a meritless claim subject only to notice pleading, and used the discovery obtained in that action as the basis for proposed derivative claims, thus evading the protections of Rule 23.1.

While the Federal Rules of Civil Procedure permit liberal amendments, they do not permit abusive conduct. Accordingly, the Motion for Leave to Amend should be denied.

### BACKGROUND

The Complaint in this action was filed on December 3, 2003. It contains a single claim under Section 36(b) of the Investment Company Act of 1940 ("ICA"): that the distribution fees paid by the Fund are excessive because the Fund is closed to new investors. The central premise of Plaintiff's case — that Rule 12b-1 promulgated by the Securities and Exchange Commission ("SEC") does not permit fees to be paid to cover previously incurred distribution expenses — is meritless. The responsible regulatory bodies, the SEC and National Association of Securities Dealers ("NASD"), have expressly recognized that such fees may be paid.[1] Accordingly, on February 24, 2004, EVD filed a Motion to Dismiss or in the Alternative for Summary Judgment ("Motion to Dismiss"). Plaintiff filed her opposition on March 25, 2004 and EVD filed a reply on April 28, 2004. The Fund answered Plaintiff's complaint on April 30, 2004.

EVD and the Fund sought a stay of discovery pending resolution of the Motion to Dismiss. Plaintiff opposed the request, and the Court denied the stay on April 20, 2004, without opinion. Defendants produced most of the documents sought by Plaintiff, including the Board minutes now cited in the proposed Amended Complaint, by July 12, 2004. *See* Declaration of Nicholas G. Terris ("Declaration") ¶ 3. The remainder of the documents cited in that proposed pleading were provided to Plaintiff's counsel by October 14, 2004. *Id.* ¶ 4.

It was during this time period that Ms. Sutherlin became involved in this case. At the February 7, 2005 hearing, Plaintiff's counsel acknowledged that Ms. Sutherlin "joined the firm a couple of months ago" and was put "hard to work" on the proposed Amended Complaint. *See*

---

[1] *See* Memorandum in Support of Defendant's Motion to Dismiss, at 13-15.

Transcript, February 7, 2005, ("Tr.") at 7. No word of the plan to amend, or of Ms. Sutherlin's involvement, was given to the Court or to defense counsel.

On December 22, 2004, the Court sent counsel a written notice setting a hearing for EVD's Motion on Dismiss for Monday, February 7, 2005.[2] On Thursday, February 3, 2005, six weeks after the notice was issued, the Plaintiff notified the Court that she would be filing an amended derivative complaint, including derivative allegations pursuant to Federal Rule of Civil Procedure 23.1 and naming the Fund's Trustees as defendants.[3] Defendant's counsel received notice of this via e-mail received at 4:59 p.m. on February 3, 2005.[4] On Friday, February 4, 2005, the final business day before EVD's motion to dismiss was to be heard, Ms. Sutherlin informed the Court that, although she had not entered a formal appearance in the case, she was working on the matter for the Plaintiff. At the February 7, 2005 hearing, the Court disclosed that he was advised of Ms. Sutherlin's involvement "late Friday afternoon."[5] Tr. at 4. Ms. Sutherlin was not present at the February 7 hearing. Mr. Haber stated that Ms. Sutherlin had joined his firm "a couple of months ago" and was "put hard to work" on the proposed Amended Complaint at that time.[6] Tr. at 7. Counsel stated that her involvement was not brought to the Court's attention earlier because the fact that the case was assigned to Judge Lindsay "didn't hit her radar screen" until Mr. Haber showed her the letter dated February 3, 2005 that he was sending to the Court concerning the amended complaint. *Id*.

---

[2]     Declaration ¶ 5, Exhibit A.

[3]     Declaration ¶ 6, Exhibit B.

[4]     Declaration ¶ 7, Exhibit C.

[5]     Defendant does not know the substance of Ms. Sutherlin's communication to the Court. The Court directed Ms. Sutherlin to call defendant's counsel to report her contact with Chambers. Tr. at 5.

[6]     Plaintiff did not dispute the understanding that her counsel had been working on the Amended Complaint since September. *See* Tr. 13.

Although EVD's counsel was ready to proceed without argument, Judge Lindsay was plainly troubled by the new information. He noted that the springing of the Amended Complaint and the facts giving rise to a possible recusal resulted in "wasted time" for the Court, Tr. at 12, and that the loss was "not a trivial matter." Tr. at 22. The Court also recognized that Defendant's counsel had been disadvantaged. *Id*. at 23. The Court nonetheless declined to hear the Motion to Dismiss. Instead, the Court set a motion schedule to determine whether the Plaintiff must seek leave for such amended complaint, and whether such leave should be granted. Tr. at 32-33. The Court then adjourned the hearing to consider the impact of Ms. Sutherlin's presence in the case.

Later that day, Judge Lindsay entered an order directing Plaintiff to file a motion for leave to file an amended complaint and directing that "the defendants shall set forth any arguments they have regarding whether the Plaintiff requires leave to amend the complaint, and whether, if leave is required, it should be granted." *See* February 7, 2005 Procedural Order. Also, the procedural order required that the defendants file and serve "any request they may have that the proposed amended complaint or any portion thereof remain under seal." *Id.* Judge Lindsay denied EVD's Motion to Dismiss without prejudice and without "any assessment on the merits." Judge Lindsay then recused himself because of Ms. Sutherlin's involvement in the case. *Id.*

**ARGUMENT**

I. <u>**The Plaintiff Must Seek Leave to File the Amended Complaint**</u>

Plaintiff asserts that the lack of an answer from EVD enables her to amend her Complaint whenever and however she wishes. This is incorrect: the Fund's answer and the Plaintiff's

proposed addition of new defendants and post-complaint supplemental facts require that Plaintiff seek leave to amend from the Court.

### A. The Nominal Defendant has Filed a Responsive Pleading

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Based on Rule 7(a)'s definition of a pleading, an answer is a "responsive pleading" for Rule 15(a) purposes. In this case the Fund has answered.[7] Although the Fund did not provide a specific response to the allegations against EVD, it has consented to jurisdiction by essentially admitting the allegations in paragraph 7 of the Plaintiff's initial complaint. This is sufficient.[8] *See e.g.*, *Rothman v. Specialty Care Network, Inc.*, 2000 WL 1470221, *2-3 (E.D.Pa. 2000) (answer is a responsive pleading requiring leave to amend even though answer responded to fewer than all of the counts in the complaint); *Vanguard Military Equipment Corp. v. Finestone Co., Inc.,* 6 F.Supp.2d 488, 491-92 (E.D.Va. 1997) (answer was a responsive pleading notwithstanding failure to address part of complaint). As the *Vanguard* Court noted, "[j]ust because an answer does not respond to all of the allegations in the complaint does not make it any more or less a 'pleading' for Rule 7(a) and 15(a) purposes." *Vanguard*, 6 F.Supp.2d at 492.

### B. Adding New Parties to a Pleading Requires Leave of Court

In addition to Rule 15(a)'s requirements, Federal Rule of Civil Procedure 21 requires Plaintiff to seek leave to add parties. Specifically, Rule 21 provides, in pertinent part, that

---

[7] Even if, as Plaintiff contends, this argument is not available to EVD, it is available to the Fund, which is joining in this Opposition.

[8] As Fund counsel stated at the February 7 hearing, Plaintiff required that the Fund file an answer. Tr. at 21. Plaintiff has never raised objections to the content of that answer.

"[p]arties may be dropped or added by order of the Court on motion by any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 21, which is specific with respect to the procedure for adding or eliminating parties, controls over the more general amendment procedure of Rule 15(a). *See generally* James Wm. Moore, *Moore's Federal Practice, Third Edition*, at §15.16[1] (2004); *see also* Charles Wright, et. al, *Federal Practice and Procedure,* Vol. 6 at §1479 (2004).

Although a number of courts take a contrary view, significant support exists for the requirement of leave of court when plaintiffs seek to assert claims against additional defendants.[9] *See Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (stating that "plaintiffs' requested amendment required leave from the court because it sought to assert claims against additional defendants"); *Williams v. United States Postal Service*, 873 F.2d 1069, 1073 n.2 (7th Cir. 1986) (stating that although the defendants had not yet filed a responsive pleading, "a plaintiff cannot add new defendants through a complaint amended as a matter of course") (citing *La Batt v. Twomey*, 513 F.2d 641, 651 n.9 (7th Cir. 1975)); *U.S. v. Kiewit*, 149 F.R.D. 125, 126 (E.D.Va. 1993) (Plaintiff required to obtain leave of court to add new parties and was precluded from an amendment as a matter of course even though no responsive pleading had been filed); *City of Manchester v. National Gypsum Co.*, 637 F.Supp. 646, 656-66 (D.R.I. 1986) (Rule 21 requires court to evaluate the potential prejudicial effect of the motion to amend); *see also Miniat v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736-38 (7th Cir. 1986) (concerning adding additional plaintiffs, the Court stated that "[a]lthough Federal Rule of Civil Procedure 15(a) permits a party to freely amend its complaint in a timely fashion, Federal Rule 21 requires a

---

[9] Counsel has located no decisions by the First Circuit or the District of Massachusetts on this issue. Contrary authority exists in other circuits. *See*, *e.g.*, *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994) (Rule 15(a) governs the addition of a party due to the underlying philosophy of the Federal Rules of Civil Procedure); *First City Nat'l Bank and Trust Co. v. FDIC*, 730 F.Supp. 501, 515 (E.D.N.Y. 1990) (Liberal amendment policy of Rule 15 favored to permit joinder of additional defendants).

court order to add or drop parties") (internal citations omitted); *Joseph v. House*, 353 F.Supp. 367, 371 (E.D.Va. 1973) *aff'd in part and rev'd in part on other grounds sub nom.* (Rule 21 required leave of court to add new plaintiffs notwithstanding the right to amend as a matter of course under Rule 15(a))

Additionally, the Rules of this Court indicate that leave is required to add a new party. Specifically, Local Rule 15.1, entitled "Addition of New Parties" states, in pertinent part, that "[a] party *moving to amend a pleading to add a new party* shall serve . . . the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion . . . . A motion to amend a pleading shall be accompanied by a certificate stating that it has been served in advance on the new party as required by the rule." *See* Local Rule 15.1(b) (emphasis added).[10]

In this case, the Plaintiff seeks by amendment to add new defendants, including past and present Trustees of the Fund, and allege a specific cause of action against them. Because the Plaintiff seeks to add such parties, she is unable to amend at her pleasure, but must seek leave from the Court. *See*, *e.g.*, *Gordon v. Lipoff*, 320 F.Supp. 905, 922-23 (W.D.Mo. 1970) (Court recognized the liberal construction of the Federal Rules of Civil Procedure but stated that "the question of whether parties should or should not be dropped from or added to an action presents problems of judicial administration over which the Court, rather than the parties and their counsel, should maintain control at every stage of the action"); *Int'l Brotherhood of Teamsters v. AFL-CIO*, 32 F.R.D. 441, 442 (E.D.Mich. 1963) (more specific Rule 21 controls over general Rule 15 and Plaintiff was not permitted to "cavalierly" fail to ask for leave of court to add additional parties).

---

[10] Similarly, Local Rule 15.1(a) states that ". . . Amendments adding parties shall be *sought* as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." (Emphasis added.)

### C. The Proposed Amended Complaint Is In Part A Supplemental Pleading For Which Leave To File Is Required

Portions of the proposed Amended Complaint refer to events that have occurred after December 3, 2003, the date the initial complaint was filed. The proposed pleading is therefore governed by Federal Rule of Civil Procedure 15(d), which provides, in relevant part, that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

Leave of court is required, and it is within the Court's discretion to grant or deny leave to file a supplemental pleading. *See* James Wm. Moore, *Moore's Federal Practice, Third Edition*, at §15.30 (2004). Unlike Rule 15(a), which allows certain amendments to be made as a matter of course, "all supplemental pleadings require leave of court." *See* Charles Wright, et al., *Federal Practice and Procedure*, Vol. 6 at §1504 (2004); *see also Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 775 (4th Cir. 1991) (stating that "[a]s a general rule, facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading").

In this case, the proposed Amended Complaint makes numerous references to events that occurred after the filing of the initial complaint in an effort to bolster the Plaintiffs' weak claims. Specifically, paragraphs 48, 53-55, 135-152, 156, and 161(a)(1)(iii) of the proposed amended complaint refer to events that occurred after December 2, 2003. *See* Plaintiffs' Proposed Amended Complaint at ¶¶ 48, 53-55, 135-152, 156, and 161(a)(1)(iii). In fact, paragraphs 135-152 set forth a thorough factual recitation of memoranda, documents, and resolutions made at a Board of Trustees meeting that occurred in April, 2004, four months after the filing of the initial

complaint. *See Id.* at ¶¶ 135-152. Additionally, the Plaintiff makes reference to the distribution fees paid to EVD by the Fund from January 1, 2004 to June 30, 2004, and estimates the amount of fees that EVD received from June 30, 2004 to December 31, 2004. *See Id.*, at ¶ 48. These allegations bring the proposed Amended Complaint within Rule 15(d).

**II.     Leave to File an Amended Complaint Should Be Denied Because of the Plaintiff's Conduct**

While leave to amend pleadings under Fed. R. Civ. P. 15(a) should be "freely given when justice so requires," it is by no means automatic and should not be granted reflexively in each case. *See Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979); *Whiting v. Incorporated Village of Old Brookville*, 182 F.R.D. 14, 16 (E.D.N.Y. 1998). The language of Section 15(a), specifically "when justice so requires," necessarily implies justice to both parties. *Burns v. Imagine Films Entertainment*, 165 F.R.D. 381, 384 (W.D.N.Y. 1996) (quoting *McDonnell v. Dean Witter Reynolds, Inc.,* 620 F. Supp. 152, 156 (D.Conn. 1985)). Generally, the standard used by Courts to grant or deny leave to supplement a pleading is governed by the same standard as Rule 15(a). *See Moore's Federal Practice*, at §15.30.

The Supreme Court has held that leave to amend should not be "freely given" if the following factors are present: (1) undue delay; (2) bad faith; (3) dilatory motive on behalf of the part of the movant; (4) repeated failure to cure deficiencies by amendments previously allowed; (5) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (6) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether leave should be granted is within the discretion of the district court. *Id.*

In this case, leave to amend the complaint should be denied. Plaintiff purposefully delayed revealing the proposed amendment until EVD's Motion to Dismiss was to be heard, and then coupled that announcement with an equally untimely revelation of facts causing the

presiding judge to recuse himself. The effect — delay, waste of judicial resources, and unnecessary expense to Defendants — was so clearly foreseeable that it must have been obvious to Plaintiff. Under these circumstances, leave to amend should be denied.

### A.     The Plaintiff Inexcusably Delayed Filing its Proposed Amended Complaint

By any standard, Plaintiff has inexcusably delayed seeking leave to file the proposed amended complaint. Local Rule 15.1 requires leave to be "sought as soon as an attorney reasonably can be expected to have become aware" of the identity of the new parties. *See* Local Rule 15.1(a). Plaintiff failed to meet this standard. There is no secret as to who the Trustees are and their role in reviewing distribution plans. Also, the documents cited in the proposed Amended Complaint concerning the Trustees' actions were provided to Plaintiff months earlier. Therefore, Plaintiff's attorney was in fact aware of the identity of the new parties and the intention to amend months before the February 7, 2005 hearing. No excuse for the delay has been offered. This is grounds for denying leave to amend. *See Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.*, 2005 U.S. App. LEXIS 2912, *31 (1st Cir. February 18, 2005) (no abuse of discretion to deny motion to amend complaint due to undue delay where motion was filed two years after filing the initial complaint, after the District Court had entered summary judgment on certain counts, and after the summary judgment motion for the remaining counts was fully briefed); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend"); *Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517-18 (1st Cir. 1989) (stating that "parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment"). Indeed, the

comments to the Expense and Delay Reduction plan of the District of Massachusetts on which rule 15.1 (a) is based, *see Nett v. Belluci*, 269 F.3d 1, 3-4 (1st Cir. 2001) recognize that, in view of the costs and delays associated with the addition of new parties, absent certain limited circumstances not present here "no motion to amend a party's pleading to add a new party should be allowed more than three months after the party's initial pleading was filed." Plaintiff's initial pleading in this matter was filed in 2003.

### B. Plaintiff Is Engaged in Dilatory Tactics

Undue delay is a reason to deny leave to amend, particularly when the timing of the amendment appears designed to avoid a ruling on the merits and to prolong this case. *Kirby v. P.R. Mallory & Co., Inc.,* 489 F.2d 904, 912 (7th Cir. 1973) (Court affirmed denial of leave to amend because the plaintiff remained "mute" for a period of time and only sought to "bolster his pleadings to prevent an anticipated adverse judgment"); *see also PI, Inc., v. Quality Products, Inc.,* 907 F.Supp. 752, 764-65 (S.D.N.Y. 1995) (Court denied motion to amend its complaint because its "timing demonstrates that it is clearly a dilatory tactic to avoid the dismissal of the action"). In *PI*, the Court held that the motion for leave was denied because the motions to dismiss filed by the defendants were fully briefed and argued, at a considerable expense to the defendants, and the plaintiff had engaged in a pattern of waiting for the defendants to file motions to dismiss before moving to amend the complaint. *PI*, 907 F.Supp. at 765.

Thus, seeking to amend a complaint to avoid an adverse ruling or to delay is a clear abuse of the judicial process that should not be permitted. *See id.; see also Bymoen v. Herzog, Heine, Geduld, Inc.,* 1991 U.S. Dist. LEXIS 7169, *4-5 (S.D.N.Y. 1991) (denying leave to amend when it appeared that the plaintiff was seeking a new claim in anticipation of an adverse ruling on the one remaining claim in her already amended complaint); *CL-Alexanders Laing & Cruickshank v.*

*Goldfeld*, 739 F.Supp. 158, 166 (S.D.N.Y. 1990) (denying leave to amend because "it is difficult to escape the conclusion that the timing of this motion and the content of the proposed complaint are eloquent of their purpose, and that the purpose is to churn up so many last-minute factual allegations that a court will be tempted to conclude that somewhere must lie an issue of material fact"); *Reisner v. General Motors Corp.,* 511 F.Supp. 1167, 1172 (S.D.N.Y. 1981) (denying leave to amend because the amendment was filed as an attempt to forestall a ruling against the plaintiffs on motion for summary judgment and because the lateness of the motion was prejudicial to the defendant); *Roorda v. American Oil Co. and Petroleum Sales & Service, Inc.*, 446 F.Supp. 939, 947-48 (W.D.N.Y. 1978) (denying leave to amend because "[i]t is also evident that plaintiffs have sought leave to amend because of their anticipation of a possible adverse ruling as to the jurisdictional foundation of their original claim"); *cf. Castelluci v. United States Fidelity and Guar. Co.*, 372 Mass. 288, 292 (Mass. 1977) (affirming denial of motion to amend complaint because of the late filing of the amendment and the prejudice to the defendant, the Court held that "[a] liberal amendment policy does not justify overriding the rights of a person who would be prejudiced by the last minute allowance of a motion to amend").

In this case, it is clear that the Plaintiff's principal argument, that Rule 12b-1 precludes payment of distribution fees by Funds closed to new investors, is foreclosed by the positions of both the SEC which promulgated the Rule, and the NASD, which has adopted SEC-approved rules implementing it.[11]  The proposed Amended Complaint appears merely to be an effort to throw up a storm of "facts" to evade this authority.

---

[11]   *See* Memorandum in Support of Defendant's Motion to Dismiss at 13-15.

C.     **The Facts Indicate Plaintiff Has Acted In Bad Faith**

The facts of this case are more egregious than a mere last minute filing of a hastily drawn complaint, and strongly indicate bad faith. The plan to amend was hatched months before the February 7, 2005 hearing, and the means to amend were readily available at that time. The documents now cited in the amended pleading have been in Plaintiff's hands for months. Plaintiff's counsel even had a template in the form of their own, substantially identical, amended pleading in another case pending in this Court, *ING Principal Protection Funds Derivative Litigation*, Master File No. 03-12198-JLT, in which Plaintiff's counsel filed a second amended complaint on July 30, 2004.[12] Apparently armed with documents and a model, Ms. Sutherlin began working on the amended complaint a "couple of months" before the hearing. Tr. at 12.

Rather than putting the Court and counsel on notice of these facts and the intent to amend, Plaintiff decided to waste everyone's time by causing the Court and counsel to prepare for a hearing that Plaintiff knew was unlikely to occur. Moreover, Plaintiff delayed bringing to the Court's attention facts that, when revealed, brought about the presiding Judge's recusal. Whatever their motivation, such clearly dilatory tactics and abusive conduct should not be rewarded. Accordingly, Plaintiff's motion for leave to amend should be denied.

---

[12]    The record in the *ING* case indicates that Plaintiff's counsel has used similar tactics in other cases. In *ING*, Plaintiff's counsel filed an amended complaint on July 30, 2004, making substantially the same claims based on the same legal theories advanced in this case. The amended complaint in *ING* added individual directors of the ING funds. The docket reveals the filing of an amended complaint after defendants' motion to dismiss had been filed. *See ING Principal Protection Funds Derivative Litigation*, Master File No. 03-12198-JLT. Docket entries 22 and 26. A copy of the docket is attached as Exhibit D to the Declaration. The Court may take judicial notice of the docket and pleadings filed in other cases pending in the Court. *See Calderon v. Nicolaus*, 98 F.3d 1102, 1107-08 (9th Cir. 1996) (Court can take judicial notice over a pending case before the Court that involved the same issue that was being considered); *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) (stating that a "court can take judicial notice of related proceedings and records in cases before the same court").

### III.   Plaintiff's Pleading Practices Are Designed to Evade Procedural Safeguards Under Rule 23.1

Plaintiff's procedural gamesmanship creates another, independent, reason to deny leave to amend the Complaint.  While Plaintiff has offered no explanation for the timing of the amendment to add the Trustees and new derivative claims, the tactic of amending to add these parties and claims now appears to be part of a scheme to circumvent the protection of Rule 23.1. In this case, as in *ING*, Plaintiff has followed a common course of conduct:  the filing of a simple complaint under Section 36(b) of the ICA, which has no demand prerequisite, followed by discovery and only then by the filing of derivative claims in an amendment that alleges "demand is excused."  The intent appears to be to evade the limits on discovery in cases governed by Rule 23.1.

Before filing a shareholder derivative action, a plaintiff must satisfy several requirements, including "establish[ing] that all available means to obtain relief through the corporation itself are exhausted by making demand on the corporation's board of directors to prosecute the litigation."  *Harhen v. Brown*, 730 N.E.2d 859, 865 (Mass. 2000).  This requirement reflects the fundamental principle that individual shareholders may not simply "launch the corporation into litigation to prevent methods of management which he or she thinks unwise."  *Id.*  Plaintiff has not made the requisite demand on the Fund's board.

A shareholder's efforts to plead demand futility are subject to strict pleading requirements, and a shareholder is not entitled to discovery in meeting them. [13]  *See* Fed. R. Civ.

---

[13]   The effort to amend the complaint to add new derivative claims without making demand is futile.  A Massachusetts statute that took effect July 1, 2004 incorporates a universal demand requirement (*i.e.*, demand on the board must always be made before a derivative suit is instituted except in cases where doing so would cause irreparable injury to the corporation, a circumstance manifestly not at issue here).  *See* Mass. Gen. Laws ch. 156D §§ 7.40-7.47.  Because it is clear that compliance with Rule 23.1 is required under prior standards, for purposes of this Memorandum, it is unnecessary to consider the application of the new statute.  If leave to amend is granted, however, the Defendant reserves the right to address this and other issues in a motion to dismiss.

P. 23.1.  Rule 23.1 is "not an ordinary, but an exceptional rule of pleading, serving a special purpose, and requiring a different judicial approach."  *In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 263-64 (1st Cir. 1973).  Rule 23.1 "represents a deliberate departure from the relaxed policy of 'notice' pleading promoted elsewhere in the Federal Rules."  *Heit v. Baird*, 567 F.2d 1157, 1160 (1st Cir. 1977).  Thus, the policy of the First Circuit is to "vigorously enforce[]" Rule 23.1.  *Id.*

As courts have repeatedly recognized, a necessary corollary of the heightened pleading requirements imposed by state substantive law and Rule 23.1 is that discovery must be stayed ***as a matter of law*** prior to a determination that plaintiffs have successfully pleaded demand futility.  *Scattered Corp. v. Chicago Stock Exchange, Inc.*, 701 A.2d 70-1, 77 (Del. 1997) (holding that a stay of discovery was appropriate "as a matter of law" because "plaintiffs in a derivative suit are not entitled to discovery to assist their compliance with the particularized pleading requirement of Rule 23.1"), *overruled in part on other grounds by Brehm v. Eisner,* 746 A.2d 244, 253 (Del. 1998); *White v. Panic*, 783 A.2d 543, 549-50 & n.15 (Del. 2001) (derivative plaintiffs are not entitled to discovery to assist their compliance with Rule 23.1); *Rales v. Blasband*, 634 A.2d 927, 935 n.10 (Del. 1993) (same); *Levine v. Smith*, 591 A.2d 194, 208-10 (Del. 1991) (allowing a derivative plaintiff even limited discovery "would be a complete abrogation of the principles underlying the pleading requirements of Rule 23.1"), *overruled in part on other grounds by Brehm v. Eisner,* 746 A.2d at 253; *Abrams v. Koether*, 766 F. Supp. 237, 248 & n.13 (D.N.J. 1991) (same);  *see also In re Kauffman Mutual Fund Actions*, 479 F.2d at 263 ("[I]t is clear that the 'particularity' [required by state law and Rule 23.1] must appear in the pleading itself; the stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case.  Indeed, if the requirement could be met otherwise, it would be meaningless.").

In this case Plaintiff has attempted to evade a discovery stay applicable to shareholder derivative claims by the expedient of alleging a dubious Section 36(b) claim (not subject to Rule 23.1), obtaining discovery, and then seeking to amend her complaint to allege shareholder derivative claims based on information obtained via the Section 36(b) action. Such tactics should not be countenanced. *Cf. Newby v. Enron Corp. et al.,* 338 F.3d 467 (5th Cir. 2003) (affirming district court's injunction of discovery in proceeding in state court that was separate from, but related to, federal securities class action); *S.G. Cowen Sec. Corp. v. U.S. District Court for the Northern District of California,* 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay [of discovery imposed by the Private Securities Litigation Reform Act of 1995] simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.").

## IV.     The Proposed Amended Complaint Should Remain Sealed

Judge Lindsay required that the Defendants file and serve "any request they may have that the proposed amended complaint or any portion thereof remain under seal." *See* February 7, 2005 Procedural Order. EVD requests that the proposed pleading remain under seal and that the Court defer a ruling on this issue until the resolution of the status of the proposed Amended Complaint. No further court action may be necessary. If the Court denies leave to amend, the proposed pleading will have no further role in the case. Even if leave is granted, Defendant plans to file a renewed dispositive motion, and anticipates that the Trustees will do so as well. If that motion is granted, the proposed amended complaint may remain under seal as it will likely have no further function.

In short, there is no need at this time to take any action concerning the status of the proposed amended complaint and it should remain under seal.

## CONCLUSION

Plaintiff is required to seek leave to file an amended complaint. That leave should be denied.

Respectfully submitted,

/s/ Wm. Shaw McDermott
Wm. Shaw McDermott (BBO #330860)
Aimée E. Bierman (BBO #640385)
Gregory R. Youman (BBO #648721)
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
(202) 778-9000

*Attorneys for Defendant*
*Eaton Vance Distributors, Inc.*

Date:  March 8, 2005