**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHELLE YAMEEN,**<br><br>               **Plaintiff,**<br><br>     **VS.**<br><br>**EATON VANCE DISTRIBUTORS, INC.,**<br><br>               **Defendant, and**<br><br>**EATON VANCE TAX-MANAGED GROWTH FUND 1.1,**<br><br>             **Nominal Defendant.** | **Civil Action No. 03-12437-DPW** |

**PLAINTIFF'S OPPOSITION TO THE CONTINUED FILING**
**OF PLAINTIFF'S AMENDED DERIVATIVE COMPLAINT UNDER SEAL**

Pursuant to the procedural order entered by Judge Lindsay in this action on February 7, 2005, (the "Procedural Order") the Plaintiff in this action filed her Amended Derivative Complaint (the "Amended Complaint") under seal.[1]  The Procedural Order further provided as follows:  "The defendants will also file and serve, by not later than 3/8/2005, any request they may have that the proposed amended complaint or any portion thereof remain under seal."  The clear import of that provision of the Procedural Order is that the Defendant would identify the portions of the Amended Complaint that it believed needed to be filed under seal, and that the Defendant would explain why portions, or all, of the Amended Complaint should be shielded from public view.

---

[1]    The Plaintiff believes that she can file the Amended Complaint as of right, pursuant to Rule 15(a) F.R. Civ. P.  The defendant disagrees.  That issue is being addressed by the Plaintiff, pursuant to the Procedural Order, in a separate memorandum.

The Defendant's entire submission regarding this issue is a one paragraph statement at the end of its Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Derivative Complaint ("Def's Mem") in which the Defendant "requests" that the Amended Complaint remain under seal until the Court rules on the Defendant's anticipated "renewed dispositive motion."  (Def's Mem. at 17).[2]

This issue arises because the Amended Complaint contains numerous, detailed factual allegations derived from documents produced in this action by the defendant Eaton Vance Distributors, Inc. ("Distributors"), which documents have been designated as "Confidential" by Distributors pursuant to the Protective Order entered by the Court in this action (Docket No. 31).[3]  The Protective Order provides that: "The Disclosing Party shall use due care in deciding whether to label information as Confidential."  (Protective Order ¶ 4.)  In utter disregard of that requirement, Distributors has designated "Confidential" virtually every non-publicly filed document that has produced to the Plaintiff in this action. Plaintiff does not believe that any of the "Confidential" designations by Distributors of any of the documents referenced in the Amended Complaint are properly so designated.

The Protective Order also provides:  "The burden of establishing that the Information has been properly designated as Confidential Information is on the Disclosing Party making such designation."  (¶ 9)  Consistent with that provision, paragraph 7 of the Protective Order provides that it is the Disclosing Party's obligation to move, pursuant to Local Rule

---

[2]    The Defendant ignores the substantial burden its unsupported "request" would impose on the Clerk's office, the Court and the parties.  If the Amended Complaint remained under seal during motion to dismiss practice regarding the Amended Complaint, all of the submissions in support of and in opposition to the motion to dismiss would also have to be filed under seal, since they would inevitably reference and quote extensively from the Amended Complaint.

[3]    *See* ¶¶ 59-152 of the Amended Complaint.

7.2 of this Court, for an order that would "protect Confidential Information from public disclosure."

The Defendant does not identify, at all, the information in the Amended Complaint that it believes should be filed under seal. Likewise, the Defendant makes no effort whatsoever to explain **why** the Amended Complaint, or any portion thereof, should remain under seal. The Defendant utterly ignores the strong public policy against activities of and filings in the federal courts being shielded from public view, *see In the Matter of Contental Illinois Securities Litigation*, 732 F.2d 1302, 1308-10 (7th Cir. 1984) (recognizing public's right of access to reports considered by a court in ruling on pretrial motions that were dispositive of the litigant's substantive rights); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (same); and *Vulcan Materials Co. v. Atofina Chemicals Inc.*, 2005 WL 352494 (Feb 14, 2005) (recognizing strong public policies supporting open access to the decisions of the courts and denying request to seal court's order).

The Amended Complaint should not be filed under seal. Distributors' *en masse* designation as "Confidential" of virtually all of the non-publicly filed documents produced to the Plaintiff is a flouting of the Protective Order's requirement that: "The Disclosing Party shall use due care in deciding whether to label information as Confidential." (Protective Order at ¶ 4). Distributors' subsequent failure to even attempt explain why the information contained in the Amended Complaint should be protected from public disclosure ignores the February 7, 2005 Procedural Order and constitutes an abdication of its burden, set forth in paragraph 9 of the Protective Order, to establish that the Information has been properly designated as Confidential and should be protected from public disclosure.

Nothing in the Amended Complaint is the type of information that should be protected from public disclosure and Distributors has made no showing, whatsoever, to the contrary. Accordingly, the Amended Complaint should not be filed under seal.

Dated: March 18, 2005

Respectfully submitted by the attorneys for the plaintiff,

**/s/Edward F. Haber**
Edward F. Haber BBO No. 215620
Theodore Hess-Mahan BBO No. 557109
Lara Sutherlin BBO No. 651267
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939