# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd. S. Heyman
Matthew L. Tuccillo

May 19, 2004

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

**VIA FACSIMILE AND FIRST CLASS MAIL**

Wm. Shaw McDermott, Esq.
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109

Jeffrey Maletta, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Ave., NW
Second Floor
Washington, D.C. 20036-1800

Sanford F. Remz, Esq.
Yurko & Salvesen PC
One Washington Mall, 11th Fl.
Boston, MA 02108-2603

    Re:    Michelle Yameen v. Eaton Vance Distributors Inc., derivatively
            on behalf of Eaton Vance Tax Managed Growth Fund 1.1
            Civil Action No. 03-12437-RCL

Gentlemen:

    On April 29, 2004 we held a Rule 26(f) conference (the "Conference") in the above-referenced action. At the Conference you took the position that the time within which the Defendant, Eaton Vance Distributors, Inc., and the Nominal Defendant, Eaton Vance Tax Managed Growth Fund 1.1, were required to produce automatic disclosures began to run from the date of the Conference. You also took the position that the time within which the Defendant and Nominal Defendant had to respond to Plaintiff's First Request for Production of Documents (the "Document Request"), which was served on the Defendant and Nominal Defendant on February 23 and March 2, 2004, respectively, also began to run as the date of the Conference.

    As you know, I disagreed with those time line positions which you asserted. It was my view that the deadlines for automatic disclosures and producing the documents described in the Document Request had already passed. Nevertheless, I agreed to the time table which you proposed – that you would provide the automatic disclosures, including those documents described in the Document Request which are automatic disclosure documents, by May 13, 2004,

SHAPIRO HABER & URMY LLP

Wm. Shaw McDermott, Esq.
Jeffrey Maletta, Esq.
Sanford F. Remz, Esq.
May 19, 2004
Page 2

which was 14 days after the Conference. You also agreed that you would respond to the Document Request and you would produce all documents described in the Document Request, which had not already been produced as automatic disclosure documents and with respect to which you did not serve objections, within thirty days of the Conference.[1]

Pursuant to that agreement, the automatic disclosures the Defendant Eaton Vance Distributors, Inc. and the Nominal Defendant, Eaton Vance Tax Management Growth Fund 1.1, were due on Thursday, May 13, 2004. That date has come and gone, and no automatic disclosures have been produced. I discussed this situation with Shaw McDermott on Monday, May 17, and I still have been given no explanation as to why the Defendant and Nominal Defendant have ignored the May 13, 2004 deadline.

I recognize, as you advised me at the Conference, that you might need some additional time to produce the automatic disclosures, due to the personal loss experienced by Eaton Vance's general counsel. I was very sorry to hear about his loss, and as I indicated, I would agree to any additional time you would need on account of this. You advised that if that situation caused a delay in producing the automatic disclosures by May 13, 2004, you would so advise me. You have not done so.

Under these circumstances, I can only assume that you are delaying the production of the required discovery in the hope that the Court would rule on the Defendant's pending Motion to Dismiss/Motion for Summary Judgment before the discovery is produced. Such a tactic would be particularly improper here, in light of the fact that Judge Lindsay has denied the Defendant's Motion to Stay discovery pending a decision on the Defendants' Motion to Dismiss/Motion for Summary Judgment.

Please produce all automatic disclosure documents immediately. Of course, you can bill me for the reasonable cost of copying.

Sincerely,

Edward F. Haber

EFH:dc

---

[1] Thirty days after April 29, 2004 is Saturday, May 29, 2004. Hence, the response to the Document Request and the document production are due on Monday, May 31, 2004.