# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd. S. Heyman
Matthew L. Tuccillo

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

August 9, 2004

**By Facsimile and U.S. Mail**

Nicholas Terris, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Ave., NW
Second Floor
Washington, D.C. 20036-1800

Re:   *Michelle Yameen v. Eaton Vance Distributors Inc., derivatively on behalf of Eaton Vance Tax Managed Growth Fund 1.1*
Civil Action No. 03-12437-RCL

Dear Nicholas:

We are in receipt of the "Eaton Vance/Yameen Litigation May 27, 2004 Production Privilege Log" and the "Eaton Vance July 12, 2004 Privilege Log" (together, the "Privilege Logs") that defendant Eaton Vance Distributors, Inc. (the "Defendant") has produced in connection with its production of Automatic Disclosure documents and documents requested in Plaintiff's First Request to Defendants for the Production of Documents. For the reasons set forth below, (i) the Privilege Logs are incomplete and do not comply with Fed. R. Civ. P. 26(b)(5); and (ii) the asserted attorney-client privilege, if it applied to the documents identified in the Privilege Logs, has been waived with respect to most, if not all, of the documents identified in the Privilege Logs.

According to the Privilege Logs, all but one of the documents withheld are written memoranda from Goodwin Proctor LLP, counsel for the Independent Trustees of Eaton Vance Group of Funds (the "Independent Trustees") "for the purpose of rendering legal advice re duties of independent trustees under Rule 12b-1." (the "Goodwin Proctor Memoranda"). The Privilege Logs represent that those documents were received only by the Independent Trustees. However, other documents produced by the Defendant reflect that the withheld Goodwin Proctor Memoranda were also distributed to employees or officers of Eaton Vance Management (collectively "Eaton Vance Management"). Indeed, it appears that the Goodwin

SHAPIRO HABER & URMY LLP

Nicholas Terris, Esq.
August 9, 2004
Page 2

Proctor LLP memoranda were provided to Eaton Vance Management before they were provided to the Independent Trustees.

For example, Defendant has withheld, under a claim of attorney-client privilege, a document Bates Numbered EVD/Y 2846 - 2851 and EVD/Y 3428 -3433, described in the Privilege Logs as a memorandum dated April 2, 2004, authored by Goodwin Procter LLP, purportedly distributed only to the Independent Trustees, "for the purpose of rendering legal advice re duties of independent trustees under Rule 12b-1."

However, the Defendant has produced a memorandum dated April 13, 2004, from Eaton Vance Management to the Independent Trustees, stating that "we have included for your review a memorandum dated April 2, 2004 prepared by Goodwin Procter LLP outlining the duties of the Independent Trustees under Rule 12b-1." (See EVD/Y 02841.) It is apparent that the April 2, 2004 Goodwin Procter LLP memorandum referenced in and transmitted with the April 13, 2004 document is the same April 2, 2004 Goodwin Proctor Memorandum that the Defendant has withheld under a claim of attorney-client privilege. Since this document was received not only by the Independent Trustees, but also by Eaton Vance Management, any attorney client privilege that may have applied to the document has been waived.

Similarly, other documents produced by Defendant reflect that other withheld Goodwin Proctor Memoranda identified in the Privilege Logs, which the Privilege Logs represent were received only by the Independent Trustees, were in fact provided to Eaton Vance Management, and indeed, were distributed to the Independent Trustees by Eaton Vance Management. For example, see:

- EVD/Y 0001, which reflects that the April 4, 2003 Goodwin Proctor Memorandum (EVD/Y 0006 - 0011 and EVD/Y 3820 - 3825) had been provided to Eaton Vance Management;

- EVD/Y 0423, which reflects that the March 29, 2002 Goodwin Proctor Memorandum (EVD/Y 0429 - 0434 and EVD/Y 4240 - 4245) had been provided to Eaton Vance Management;

- EVD/Y 0778, which reflects that the April 2, 2001 Goodwin Proctor Memorandum (EVD/Y 0782 - 0787 and EVD/Y 4621 - 4626) had been provided to Eaton Vance Management; and

SHAPIRO HABER & URMY LLP

Nicholas Terris, Esq.
August 9, 2004
Page 3

- EVD/Y 1120, which reflects that the April 6, 2000 Goodwin Proctor Memorandum (EVD/Y 1124 - 1133 and EVD/Y 4954 - 4963) had been provided to Eaton Vance Management;

Under these circumstances, it is apparent that the asserted attorney-client privilege, if it applied to the Goodwin Proctor Memoranda identified in the Privilege Logs, has been waived as a result of their having been provided to persons other than the Independent Trustees. Accordingly, we request that the Defendant produce, within 10 days, all of the Goodwin Proctor Memoranda identified in the Privilege Logs.

With respect to the one document identified in the Privilege Logs which is not a Goodwin Proctor Memoranda, document Bates Numbered EVD/Y 3279, we request that defendant produce a supplemental privilege log, which identifies by employer and job title, the author of the document, Frederick S. Marius, and which identifies any additional persons or entities (other than Kirkpatrick & Lockhart attorneys or personnel) who were recipients of that document.

If the Defendant continues to assert that the attorney client privilege protects any of the Goodwin Proctor Memoranda from production, we request that the Defendant produce an amended Privilege Log with respect to each of those documents, which sets forth information sufficient to "...enable other parties to assess the applicability of the privilege..." Rule 26 F.R. Civ. P., including, but not limited to the identity (name, employer and job title or officer position) of each and every recipient of each of the withheld Goodwin Proctor Memoranda, (excluding attorneys or personnel of Goodwin Proctor LLP), as reflected on the documents themselves, or as otherwise known by the Defendant or by Eaton Vance Management. We request that supplemental privilege log be produced within 10 days.

Sincerely,

Edward F. Haber

EFH:dc

cc: Sanford F. Remz, Esq.
    (By facsimile and U.S. Mail)