**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

**MICHELLE YAMEEN,**

                    **Plaintiff,**

**VS.**

**EATON VANCE DISTRIBUTORS, INC.,**

                    **Defendant, and**

**EATON VANCE TAX-MANAGED
GROWTH FUND 1.1,**

                    **Nominal Defendant.**

---

**Civil Action No. 03-12437-DPW**

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED DERIVATIVE COMPLAINT**

**INTRODUCTION**

Plaintiff respectfully submits this reply memorandum of law in support of her motion for leave to file the Amended Derivative Complaint (the "Amended Complaint"). That motion has been filed pursuant to the procedure established by Judge Lindsay in his February 7, 2005 Order (the "Procedural Order"). The Procedural Order provides for the filing of this reply memorandum. At issue is whether the Plaintiff can file the Amended Complaint, as of right, pursuant to Rule 15(a), F. R. Civ. P., and, if not, whether leave to file the Amended Complaint should be granted.

**THE PLAINTIFF DOES NOT REQUIRE LEAVE TO AMEND HER DERIVATIVE COMPLAINT BECAUSE NO "RESPONSIVE PLEADING" HAS BEEN FILED WITHIN THE MEANING OF FED. R. CIV. P. 15(a)**

As demonstrated in Plaintiff's Memorandum of Law in Support of Motion for Leave to File Amended Derivative Complaint ("Plaintiff's Initial Memorandum"), the purported "Answer" filed by the Nominal Defendant Eaton Vance Tax-Managed Growth Fund 1.1 (the "Fund"), does not constitute a responsive pleading within the meaning of Rule 15(a), Fed. R. Civ. P., because it did not, in any way, respond to any of the allegations or claims in the Plaintiff's initial Complaint, and it does not "'join[ ] issue and repl[y] to a prior pleading of an opponent.'" *See Continental Illinois National Bank and Trust Company of Chicago v. Four Ambassadors*, 599 F. Supp. 534, 536 n.4 (S.D. Fla. 1984) (quoting Black's Law Dictionary 1180 (5th ed. 1979).[1]

In asserting to the contrary, the Defendant Distributors cites to two cases which are utterly inapplicable. In both *Rothman v. Specialty Care Network, Inc.*, 2000 WL 1470221 (E.D. Pa. 2000), and *Vanguard Military Equipment Corp. V. Firestone Co., Inc.*, 6 F.Supp.2d 488 (E. D. Va. 1997), the defendant had filed complete responsive answers to one or more of the counts of the complaint and had filed a motion to dismiss the remaining counts. The courts in those cases found the answers to be responsive pleadings under Rule 15(a). Those decisions were correct, because those answers "'join[ed] issue and replie[d] to a prior pleading of an opponent.'" *Continental Illinois,* 599 F. Supp. at 536 n.4. The same simply cannot be said of the Nominal Defendant's "Answer," which does not purport to join issue or reply to the Derivative Complaint and which expressly states that

---

[1] The motion to dismiss filed by the Defendant Eaton Vance Distributors, Inc. ("Distributors") is also not a responsive pleading. Distributors does not argue to the contrary.

"because the allegations are not asserted against the Fund, **no specific response is required on behalf of the Fund.**" *Id.* (emphasis added).

### EVEN IF THE NOMINAL DEFENDANT HAS ANSWERED, IT DOES NOT AFFECT THE PLAINTIFF'S RIGHT TO AMEND AGAINST THE DEFENDANT DISTRIBUTORS

The law is settled, as demonstrated in Plaintiff's Initial Memorandum at 4 - 5, that even if the Fund's filing were deemed to be a "responsive pleading," it would not affect the Plaintiff's Rule 15(a) right to amend the Complaint against Distributors without leave of Court because Distributors has not filed a responsive pleading. *See Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983); 3 Moore's Federal Practice ¶15.07[2] at 15-53 (2d ed. 1982); and 6 C. Wright & A. Miller, Federal Practice and Procedure §1481 (1971). Distributors makes no argument to the contrary. Rather, it concedes this legal principle and then attempts to have the Court ignore it, in the following one sentence footnote: "Even if, as Plaintiff contends, this argument is not available to EVD [Distributors], it is available to the Fund, which is joining in this Opposition" (Distributors' Mem. at 6, fn. 7). Of course, the very point of this legal principle is that if the "argument" that the Fund's "answer" precludes the plaintiff from filing the Amended Complaint without leave of Court pursuant to Rule 15(a) "is not available to [Distributors]," then the Amended Complaint, as it makes claims against Distributors, can be filed as of right, without leave of Court, pursuant to Rule 15(a).[2]

---

[2] It also follows that the Amended Complaint can be filed without leave of Court, as it asserts claims against the newly added Trustee Defendants who, of course, have also not filed a responsive pleading.

## LEAVE OF COURT IS NOT REQUIRED BECAUSE THE AMENDED COMPLAINT ADDS ADDITIONAL DEFENDANTS

Distributors also argues that even if Rule 15(a) would otherwise allow amendment as of right, without leave of court, because the Amended Complaint adds the trustees of the Fund as defendants in this action, leave of court is required to file the Amended Complaint pursuant to Rule 21. Distributors' counsel acknowledge that they have "...located no decisions by the First Circuit or the District of Massachusetts..." which support that argument (Distributors Mem. at 7, fn. 9).

Both of the leading treatises on civil procedure, which Distributors cite in purported support of its contention that the provisions of Rule 21 control over those of Rule 15(a), in fact, expressly reject that interpretation of those Federal Rules of Civil Procedure. Specifically, Professor Moore states that "[t]he better view ... rejects the notion that a motion to amend is required to add or drop parties before the filing of a responsive pleading. ***The more persuasive cases hold that before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties.***"  3 James Wm. Moore et al., Moore's Federal Practice §15.16[1] (3d ed. 2000) (emphasis added).  Similarly, Professor Wright unambiguously states that "**any attempt to change parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) *and may be made without leave of court*.**"  6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §1479 (2d ed.1990) (emphasis added).

Furthermore, Professor Wright rejects the underlying premise of Distributors' argument (and of the court decisions cited by Distributors); that the provisions of Rule 21

4

are more specific and should therefore control over the more general provisions of Rule 15(a).  As Professor Wright states:

> [I]t is not obvious that Rule 21 is more specific that Rule 15.  It might be argued that Rule 21 is the general provision since it deals in broad terms with dropping and adding parties by motion, and Rule 15(a) is a more specific provision because it sets forth a particular means by which a party may attempt to drop or add parties–by an amendment to the pleadings.

*Id.* Professor Wright then set forth additional, practical reasons for allowing amendments which add or drop parties, as of right, when Rule 15(a) would otherwise apply:

> The theory behind the provision of amendments as of course is that the court should not be bothered with passing on amendments to the pleadings at an early stage in the proceedings when the other parties probably will not be prejudiced by any modification.  There is no reason why these same considerations should not apply to a change in the parties as well as to any other amendment as of course.  Moreover, the amendment of Rule 15(c) in 1966, providing for the relation back of amendments changing parties, impliedly sanctions the view that parties may be changed by a Rule 15 amendment, including one without leave of court when it is accomplished before a responsive pleading has been filed.

*Id.* (footnotes omitted).

Many courts have concluded that amendment of pleadings to add or drop a party before a responsive pleading has been filed is governed by Rule 15(a) and may be made without leave of court.  *See, e.g., U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1019 (10th Cir. 1994) (held Rule 15(a) – which permits a party to amend pleading once as a matter of course at any time before responsive pleading is served, not Rule 21, governed addition of stockholders as parties); *Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.1984) (reversing district court's denial of plaintiff's motion to amend to add defendants on grounds that "[s]ince the [defendant had] not

answer[ed] the complaint ..., Washington was entitled ... to amend his complaint as a matter of right ..."); *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 873 (5th Cir.1976) (held leave of court not required in order to drop or add parties by amended pleading filed before responsive pleading is served), *modified on reh'g on other grounds*, 545 F.2d 919 (5th Cir.1977).[3]

## LOCAL RULE 15.1 OF THIS COURT DOES NOT AFFECT THE SUBSTANTIVE QUESTION OF WHETHER LEAVE TO AMEND IS REQUIRED HERE

Distributors' effort to gain support from Local Rule 15.1 for its argument that Plaintiff needs leave of court to file the Amended Complaint because it adds defendants is unavailing. Local Rule 15.1 is only procedural. It only establishes a service requirement upon proposed new parties when: "A party [is] **moving to amend** a pleading to add a new party..." (emphasis added). The rule does not apply when an amended complaint which

---

[3] Numerous other courts have also so held. *See also Mikkilineni v. Pennsylvania*, No. 02-1205 (RMU), 2003 WL 21854754, at *2 (D.D.C. Aug. 5, 2003) (held plaintiff may amend complaint to add party without leave of court any time prior to filing of responsive pleading under Rule 15(a)); *A. Matthews Metals Products, Inc.. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (held plaintiffs did not need leave of court to amend complaint to add defendant where amendment predated filing of responsive pleading); *CBS Broadcasting, Inc. v. Bridgestone Multimedia Group, Inc.*, No. 97 CIV 6408, 1998 WL 740853, at *1 (S.D.N.Y. Oct. 23, 1998) (held "plaintiff was permitted to amend the complaint to add a party as of right under Rule 15(a) because a responsive pleading had not been filed[,] and[ ] therefore [it was] not required to seek leave of the Court...."); *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) (held Rule 15(a) allowed plaintiff to amend complaint to add defendant without leave of court prior to filing of responsive pleading); *First City Nat'l Bank & Trust Co. v. FDIC*, 730 F. Supp. 501, 515 (E.D.N.Y. 1990) (held that Rule 15(a) applied, rather than Rule 21, and that plaintiffs may amend complaint as of right to add parties prior to filing of responsive pleading)*; Viking Metallurgical Corp. v. A. Johnson & Co., Inc.*, Civ. A. No. 87-3859, 1987 WL 19241, at *3-4 (E.D.Pa. Oct. 28, 1987) (held "Rule 15 prevails over Rule 21 when a plaintiff adds a party before a responsive pleading is served" and therefore plaintiff did not require leave of court to amend complaint to add party); *Adams v. Lederle Laboratories*, 569 F. Supp. 234, 240-41 (W.D. Mo. 1983) (held "under the federal rules the addition or dropping of parties, if accomplished by an amendment (or a new complaint) which is filed within the time frame covered by Rule 15(a), does not require an order of court"); *Texas Energy Reserve Corp. v. Dep't of Energy*, 535 F. Supp. 615, 621 (D. Del. 1982) (held plaintiff was allowed to amend complaint to add party before a responsive pleading had been filed).

adds a new party is filed as of right, without a motion to amend, pursuant to Rule 15(a). In that situation there would be no motion to amend to be served on the new party.

### RULE 15 (a), F. R. Civ. P., NOT RULE 15 (d), F. R. Civ. P., APPLIES TO THE INSTANT AMENDED COMPLAINT

The Defendant next argues that since the Amended Complaint includes allegations concerning events which transpired after the original complaint was filed, the Amended Complaint is a "supplemental pleading" and hence the provisions of Rule 15(d), which provide for the filing of supplemental pleadings with leave of court, abrogate the plaintiff's right to file the Amended Complaint as of right pursuant to Rule 15(a).

In the instant action, Plaintiff's claims are premised on continuing conduct by the Defendant Distributors in charging improper and excessive Rule 12b-1 distribution and service fees since the Fund stopped selling its shares to new investors on March 1, 2001, which conduct has violated and continues to violate Sec. 36(b) of the Investment Company Act and Distributors' fiduciary duties under Massachusetts law. The Amended Complaint adds substantial additional factual allegations, derived from documents produced to Plaintiff by Distributors in discovery in this action, concerning the circumstances surrounding the annual approval by the Fund's Trustees of those improper and excessive Rule 12b-1 fees. Those factual allegations include facts concerning the Fund's Trustees' approval of, and Distributors' continuing to charge, those improper and excessive Rule 12b-1 fees after the filing of the original complaint. Under these circumstances, the Amended Complaint is not a "supplemental pleading" as that term is used in Rule 15(d), and the filing of the Amended Complaint is governed by Rule 15(a), not Rule 15(d).

The court in *United States v. International Business Machines Corp.*, 66 F.R.D. 223, 228 (S.D.N.Y.1975), was faced with this precise situation.  Holding that Rule 15(a) rather than Rule 15(d) governed such amendments the court held:

> Essentially, plaintiff seeks to amend its complaint to assert, *inter alia*, that transactions, occurrences, or events which were happening prior to the date of the complaint continued to happen in the post-complaint period, *i.e.*, that in the post-complaint period the defendant continued to commit acts which constitute an illegal monopolization.  Under these circumstances, where the contents of the proposed pleadings are continuations of those things originally alleged, the court believes that an amended, rather than a supplemental, complaint is proper.

Id.  at *228.*

*See also Westwood v. Cohen*, 838 F.Supp. 126 (S.D.N.Y. 1993), citing *United States v. International Business Machines Corp.* approval and treating a complaint which asserted "...new matter and acts that occurred after the date of the original complaint but also represented a continuation of the prior course of conduct..." to be an amended complaint subject to Rule 15(a), and not subject to Rule 15(d).  *Id.* at 132.

The Amended Complaint was properly filed, as a matter of right, pursuant to Fed. R. Civ. P. 15(a).  Leave of court was not required pursuant to Rule 15(d).

## IF THE PLAINTIFF REQUIRES LEAVE OF COURT TO FILE THE AMENDED COMPLAINT, LEAVE OF COURT SHOULD BE GRANTED

If, for any reason, this Court should conclude that leave of Court is required for the filing of the Amended Complaint, then this Court should grant the Plaintiff leave to file it. Of course, as this Court knows, the settled jurisprudence requires that leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); and *Reyes v. Supervisor of the Drug Enforment Admin.*, 834 F.2d. 1093, 1097 (1st Cir. 1987) (granting leave to amend to add defendant).

The Defendant Distributors asserts that leave to amend should not be granted because Plaintiff "inexcusably delayed" the filing of the Amended Complaint and because the Plaintiff alleges in the Amended Complaint facts obtained from the Defendants in discovery in this action.  Plaintiff responds, in detail below, as follows:

1.    **Of course** the Plaintiff included facts obtained in discovery in her Amended Complaint.

2.    There has been no unreasonable delay in the preparation and filing of the Amended Complaint.  In fact, the preparation and filing of the Amended Complaint was delayed by the Defendant Distributors' repeated failures to timely provide discovery and its assertion of frivolous claims of privilege regarding important documents requested in discovery.

## THE HISTORY OF DISCOVERY IN THIS ACTION

This action was commenced on December 3, 2003.  On February 23, 2004, the Plaintiff served Plaintiff's Initial Disclosures and Plaintiff's First Request to Defendants for Production of Documents ("Plaintiff's Document Request").  (The documents set forth in Plaintiff's Document Request are referred to herein as the "Requested Documents.")  The Requested Documents included, *inter alia,* minutes of the trustees' meeting at which the trustees approved the continuation of the Rule 12b-1 fees at issue in this action and the documents reviewed and relied upon by the trustees in voting to approve the continuation of the Rule 12b-1 fees.  Those are the type of documents which would be maintained in the ordinary course of the Defendants' business and would be easily retrievable.[4]

On February 24, 2004, Distributors filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion to Dismiss") (Docket No. 6).  On March 23, 2004 Distributors filed a Motion and Memorandum of Reasons of Defendant Eaton Vance Distributors, Inc. for Protective Order to Stay Discovery (the "Motion to Stay") (Docket No. 13).  That motion was premised exclusively on the fact that Distributors had filed the Motion to Dismiss.  Distributors argued that the Plaintiff should not receive discovery, and the Defendants should not have to provide discovery, including the Requested Documents, until after the Court ruled on the Motion to Dismiss.  On April 2, 2004, the plaintiff filed her Memorandum of Law in Opposition to the Motion of Defendant for Protective Order to Stay Discovery (Docket No. 21).   Plaintiff's Document Request was appended to that memorandum and the nature and scope of the Requested Documents was described and discussed therein.  On April 20, 2004, the Court denied Distributors' Motion to Stay.  In

---

[4] In fact, Rule 12b-1(d) requires minutes of those trustee meetings to be maintained for six years. *See* Rule 12b-1(d) and (f).

doing so, the Court obviously understood that the plaintiff would obtain the Requested Documents, including the minutes of the trustees meetings and other documents reviewed and relied upon by the trustees in deciding to approve continuation of the payment by the fund of the Rule 12b-1 fees at issue in this action. The Court obviously also understood that the Plaintiff would use those documents in this litigation to support her claims in a variety of ways, including, if appropriate, by alleging facts obtained from those documents in an Amended Complaint.

After the Court denied the Motion to Stay on April 20, 2004, Plaintiff's counsel informed Defendants that the Requested Documents should be produced forthwith (*see* Haber Decl., ¶2). Thereafter, the parties held a Rule 26(f) conference, at which Plaintiff's counsel disagreed with Defendants' counsel as to when automatic disclosures and responses to Plaintiff's Document Request should be produced (*see* Haber Decl., ¶3). Nevertheless, Plaintiff's counsel yielded to Defendants' proposed time-line for production, which called for production of all Requested Documents by May 13, 2004 (*see* Haber Decl., ¶3). That date came and went, with no production by Defendants and no explanation as to why they missed *their* proposed discovery deadline (*see* Haber Decl., ¶3).

Distributors finally began to produce documents in June, 2004 (*see* Haber Decl., ¶4). It produced additional documents on July 2 and July 12, 2004, but indicated that its production of the Requested Documents was not complete (*see* Haber Decl., ¶¶5 & 6). One of the significant deficiencies in Distributors' document production was that Distributors had withheld from production memoranda prepared by counsel for the Fund's independent trustees, Goodwin Proctor LLP (the "Goodwin Proctor Memoranda"), on the

grounds of attorney-client privilege.  That assertion of privilege was frivolous in light of fact that, at the time the privilege claim was asserted, the Goodwin Proctor Memoranda were in the possession of the Defendant Distributors, which was not and never had been, represented by Goodwin Proctor.  Furthermore, documents produced by Distributors evidenced that the Goodwin Proctor Memoranda had been provided to other Eaton Vance personnel and entities who were not the Fund's independent trustees and who were not and never had been represented by Goodwin Proctor.  Hence, it was apparent, at the time that Distributors withheld the Goodwin Proctor Memoranda from production to the Plaintiff, that if the Goodwin Proctor Memoranda had ever been protected by the attorney client privilege, that privilege was no longer applicable.  Plaintiff's counsel, by letter dated August 9, 2004, demonstrated that the Goodwin Proctor Memoranda were no longer protected from production pursuant to the attorney client privilege and demanded production of those documents (*see* Haber Decl., ¶7).  It took Distributors two months, until October 14, 2004, to finally produce some, but not all, of the Goodwin Proctor Memoranda (*see* Haber Decl., ¶¶8 and 9).  This was eight months after the Goodwin Proctor Memoranda had been requested in Plaintiff's Document Requests.  On October 25, 2004, Distributors produced almost 2,500 additional documents, again indicating that its document production was not complete.  (*see* Haber Decl., ¶10).

After an extensive review of the documents produced by Distributors, Plaintiff's counsel discovered that Distributors had not produced all of the Requested Documents, including some of the Goodwin Proctor Memoranda and some of the minutes of the trustees' meetings at which the trustees voted to approve continuation of the Rule 12b-1 fees at issue in this action.  One of the missing documents was the minutes of the 2004

trustees meeting. Through a series of letters and phone calls, Plaintiff's counsel requested production of the missing documents. Over 1,600 additional pages of documents were produced by Distributors on December 21, 2004 (*see* Haber Decl., ¶11), the missing Goodwin Proctor Memorandum was produced on January 26, 2005 (*see* Haber Decl., ¶13) and the missing minutes of the trustees' 2004 meeting was not produced until February 9, 2005 (Haber Decl., ¶¶14 & 15).

The documents produced by Distributors provided powerful support for the claims asserted against Distributors in the original complaint and also provided powerful support for claims against the Fund's Trustees for continuing to approve the Fund's payment of the Rule 12b-1 fees to Distributors. This is apparent from the allegations in paragraphs 59-152 of the Amended Complaint.[5] All of those documents have been designated "Confidential" by Distributors, pursuant to the Protective Order entered in this Action on July 7, 2004 (Docket No. 31). Accordingly, Plaintiff's counsel properly and timely, after receiving most of the Requested Documents from Distributors, followed the procedure required by paragraph 7 of the Protective Order to file the Amended Complaint.[6]

---

[5] The Amended Complaint is currently filed under seal, pursuant to the Procedural Order. (Plaintiff opposes the continued filing of the Amended Complaint under seal. *See* Plaintiff's Opposition to the Continued Filing Under Seal of Plaintiff's Amended Derivative Complaint, filed herewith). Accordingly, Plaintiff cannot discuss the specifics of those allegations in this submission, without first following the procedures set forth in paragraph 7 of the Protective Order entered in this action (docket no. 34), which would delay the filing of this document and delay the resolution of the issue at bar. Plaintiff does respectfully request that the Court refer to the above-referenced paragraphs of the Amended Complaint, to gain an appreciation of the strong support for the claims at bar provided by the referenced and quoted documents, and the appropriateness, after finally obtaining these documents, of filing an Amended Complaint alleging the facts evidenced by those documents.

[6] Paragraph 7 of the Protective Order required Plaintiff to give Distributors notice of her intent to file the Amended Complaint, containing information designated "Confidential" by Distributors, so that Distributors could file a motion, pursuant to Local Rule 7.2, for leave to have the Amended Complaint, or portions thereof, filed under seal. Plaintiff's counsel gave counsel for
(continued...)

**THE TIMING OF THE FILING OF THE AMENDED COMPLAINT WAS DETERMINED
BY THE TIMING OF THE DEFENDANT DISTRIBUTORS' DOCUMENT PRODUCTION**

As previously observed, and as is apparent from a review of the allegations in
paragraphs 59 - 152 of the Amended Complaint, the documents that were eventually
produced to the Plaintiff by Distributors, while slow in coming, provided powerful support
for the claims asserted against Distributors in the original complaint and provided powerful
basis for initiating claims against the Fund's Trustees for continuing to approve the Fund's
payment of the Rule 12b-1 fees to Distributors.  Under these circumstances it was perfectly
appropriate, indeed it was required of competent counsel, to await production of most, if
not all, of the requested documents before completing and filing the Amended Complaint.
That is what plaintiff's counsel did here.  That was not "inexcusable delay," "dilatory
tactics," "bad faith," or an evasion of any purported "safeguards" under Rule 23.1.[7]  Any
delay in the filing of the Amended Complaint, and particularly the fact that the filing came
so close to the hearing on the Motion to Dismiss, was the direct result of the elongated –
one year – process in which Distributors engaged in producing the Requested
Documents.[8]  Plaintiff's counsel would observe, that while that process was unnecessarily

---

[6] (...continued)
Distributors that notice on February 3, 2005 (Haber Decl., ¶ 16)

[7] Rule 23.1 does not contain any automatic stay of discovery, pending a decision on a
motion to dismiss, like that found in the federal securities laws.  Distributors, in complaining that
the Plaintiff has alleged in the Amended Complaint facts obtained in discovery, which facts will help
her to meet her pleading burden regarding demand futility under Rule 23.1, ignores the fact, as
discussed above, that Distributors moved the Court for a stay of discovery and that the Court
denied that motion.

[8] Distributors appears to also be arguing that the Amended Complaint should not be
permitted because the arrival of a new attorney at Plaintiff's law firm, Shapiro, Haber & Urmy, LLP,
who had worked as an intern for Judge Lindsay, formed the basis for Judge Lindsay's recusal from
this case. Distributors cites no authority for this proposition. The argument is utterly without merit.

delayed by Distributors, counsel does not use Distributors' characterizations of "inexcusable delay," "dilatory tactics" or "bad faith" to describe the conduct of Distributors or its counsel.

The Advisory Notes to the rules of discovery, distinctly lay out the rules' broad purpose:  "[t]he purpose of the discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation of his case." Fed. R. Civ. Pro. 26.1.  In this case, Plaintiff's counsel used the tools of the discovery for precisely the purpose the rules were intended, "to obtain the fullest possible knowledge of the issues and facts..."  *Klonoski v. Mahlab,* 156 F.3d 255, 267-68 (1st Cir. 1998) (citing *Hickman v. Taylor,* 329 U.S. 495, 500-501 (1947)).

Distributors object to Plaintiff's motion to amend because she seeks to add those newly discovered facts in order to bolster her claims.   Distributors objections notwithstanding, Plaintiff's course of action is regularly taken by plaintiffs and, in turn, motions to amend complaints premised on newly learned facts revealed through discovery are regularly permitted by the courts.  *See Freidl v. City of New York,* 210 F.3d 79, 88 (2d Cir. 2000) (finding no undue delay where amendment to complaint proposed only after discovery revealed additional relevant facts);  *Lanigan v. Resolution Trust Corp.,* 1993 WL 189884 * 2 (ND Ill 1993); and *Pesta v. CBS, Inc.*, 686 F.Supp. 166, 171 (E.D. Mich. 1988) (allowing amendment to complaint to add new facts learned through discovery, even after considerable time, including an appeal, reversal and remand). Indeed, where, as here, any delay in moving to amend a complaint is a direct outgrowth of a defendant's failure to promptly comply with their discovery obligations, courts allow the amendment, in spite of said delay. *Journal Publishing Co. v. American Home Assurance Company*, 771 F.Supp.

632, 637  (S.D.N.Y. 1991) (allowing plaintiff's amended complaint to add facts that came to light through discovery and delay was due to defendants failure to comply with their discovery requests).

Finally, it should be noted that Distributors does not, and it can not, demonstrate any legal prejudice to it which arises from the filing of the Amended Complaint.

## CONCLUSION

For all the legal and factual and legal reasons set forth herein and in Plaintiff's Initial Memorandum, this Court should hold that Plaintiff may file the Amended Derivative Complaint without leave of Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  Alternatively, if for any reason this Court should conclude that leave of Court is required for the filing of the Amended Complaint, then this Court should grant the Plaintiff leave to file the Amended Complaint.

Dated: March 18, 2005

Respectfully submitted by the attorneys for the plaintiff,

**/s/Edward F. Haber**
Edward F. Haber BBO No. 215620
Theodore Hess-Mahan BBO No. 557109
Lara Sutherlin BBO No. 651267
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939