UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE YAMEEN, derivatively on behalf of the Eaton Vance Tax-Managed Growth Fund 1.1,<br><br>    Plaintiff,<br><br>v.<br><br>EATON VANCE DISTRIBUTORS, INC., JAMES B. HAWKES, SAMUEL L. HAYES, NORTON H. REAMER, LYNN A. STOUT, WILLIAM H. PARK, RONALD A. PEARLMAN, JESSICA M. BIBLIOWICZ, JACK L. TREYNOR, and DONALD R. DWIGHT,<br><br>    Defendants, and<br><br>EATON VANCE TAX-MANAGED GROWTH FUND 1.1,<br><br>    Nominal Defendant. | CIVIL ACTION<br>NO. 03-12437-DPW |

**MEMORANDUM OF LAW OF NOMINAL DEFENDANT IN SUPPORT OF MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT**

**Introduction**

The Nominal Defendant, Eaton Vance Tax-Managed Growth Fund 1.1 (the "Fund"), submits this memorandum of law in support of its motion to dismiss Counts II and III of the Amended Complaint. The Fund, which is organized as a Massachusetts business trust, has an interest in ensuring that its business affairs are managed by its boards of trustees. Those management duties and responsibilities include evaluating and determining whether that Fund should bring legal claims against other persons for any loss allegedly incurred by the Fund.

Plaintiff, however, has not made demand upon the Fund with respect to the new derivative claims that she has alleged against new defendants, the Fund's trustees, in Counts II and III. Those Counts allege a violation of § 36(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a, *et seq.* (the "ICA") and common law breach of fiduciary duty, respectively. As demonstrated in the Independent Trustees' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Derivative Complaint (the "Independent Trustees' Memorandum"), by statute, Massachusetts law requires that demand on the board be made in all cases prior to the commencement of a derivative action on behalf of a Massachusetts business trust. See Mass. Gen. Laws ch. 156D, § 7.42.[1] In other words, under the new law in effect as of the effective date of the Amended Complaint, there is no possible excuse for Plaintiff's failure to make demand and thereby circumvent the basic tenet of corporate governance that has been so strongly endorsed by the Massachusetts legislature.

Furthermore, assuming *arguendo* that the universal demand requirement of Mass. Gen. Laws ch. 156D, § 7.42, does not apply here, Plaintiff also fails to allege particularized facts to demonstrate why demand would be futile, as required by Massachusetts law in effect prior to § 7.42. Thus, Counts II and III should be dismissed for the failure to make demand.[2]

---

[1] The determination of whether demand is excused in a derivative claim asserted under the ICA is made under the law of the state in which the entity in question is organized, here Massachusetts. See Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 108-09 (1991). For all relevant purposes, the rules governing suits against Massachusetts corporations also apply to suits against business trusts. Mass. Gen. Laws ch. 182, §§ 1 *et seq*. See generally Minkin v. Comm. of Revenue, 680 N.E.2d 27, 30-31 (Mass. App. Ct. 1996)(business trust is treated as a corporation for purposes of bestowing limited liability on its shareholders); Tracy v. Curtis, 405 N.E.2d 656, 657 (Mass. App. Ct. 1980)(derivative action involving business trust).

[2] The Fund is not otherwise moving against and takes no position with respect to the underlying merits of the derivative claims asserted in Counts II and III of the Amended Complaint. Nor does the Fund take any position with respect to the merits of the claims asserted in Count I of the Amended Complaint.

2

**Argument**

I. **Counts II and III Should Be Dismissed for the Failure to Make Demand, as Required by Mass. Gen. Laws ch. 156D, § 7.42**

"As a basic principle of corporate governance, the board of directors or majority of shareholders should set the corporation's business policy, including the decision whether to pursue a lawsuit." Harhen v. Brown, 730 N.E.2d 859, 865 (Mass. 2000). Consistent with that basic principle, in overhauling Massachusetts' Business Corporation Law, Mass. Gen. Laws ch. 156B, the Massachusetts legislature enacted Mass. Gen. Laws ch. 156D, § 7.42, which requires demand prior to commencement of every derivative action, ***without exception***. As demonstrated in the Independent Trustees' Memorandum, this new universal demand requirement applies to Massachusetts business trusts, as well as corporations, and the new claims against the new defendants do not relate back to the filing date of the original complaint in this action. (Trustees' Memorandum at pp. 3-9.) Thus, Mass. Gen. Laws ch. 156D, § 7.42, mandates the dismissal of Counts II and III for the failure to make demand.

II. **In The Alternative Counts II and III Should Be Dismissed For Failure To Comply With The Demand Requirements Of Rule 23.1**

Prior to the effective date of Chapter 156D, consistent with basic principles of corporate governance, a plaintiff could only bring a derivative action if he or she (i) had made demand upon the business entity through its governing board or (ii) could demonstrate the futility of such demand because the board is "interested." Fed. R. Civ. P. 23.1; Mass. R. Civ. P. 23.1; Harhen, 730 N.E.2d at 864-66. Here, there is no dispute that Plaintiff did not make demand on the trustees of the Fund. (See Amended Complaint at ¶ 160.)

Thus, even if, *arguendo*, the universal demand requirement of Chapter 156D does not apply here, Plaintiff must still plead with particularity the reasons for failure to make demand.

3

Rule 23.1, Fed. R. Civ. P.; Rule 23.1, Mass. R. Civ. P; Pupecki v. James Madison Corp., 382 N.E.2d 1030, 1034-35 (Mass. 1978); Cote v. Levine, 754 N.E.2d 127, 133 (Mass. App. Ct. 2001). To satisfy this heavy burden, the shareholder plaintiff must overcome the powerful presumptions of the business judgment rule and demonstrate that a majority of the board of directors is interested. Harhen, 730 N.E.2d at 864-66; White v. Panic, 783 A.2d 543, 551 (Del. 2001) Aronson v. Lewis, 473 A.2d 805, 811-12 (Del. 1984). The shareholder plaintiff must present particularized facts showing that the board is "*incapable* of exercising its power and authority to pursue the derivative claims directly." White, 783 A.2d at 551 (emphasis added).

Plaintiffs must plead with particularity facts demonstrating that the trustees were interested and therefore incapable of exercising their power and authority with respect to the claims at issue. This pleading requirement is not to be taken lightly, so as not to undermine the basic principle of the corporate laws of Massachusetts that the board of the corporation or business trust is to decide whether to pursue claims on behalf of the entity. "It is normally the directors, not the stockholders, who conduct the affairs of the company. Hence, to be allowed, sua sponte, to place himself in charge without first affording the directors the opportunity to occupy their normal status, a stockholder must show that his case is exceptional." In re Kauffman Mutual Fund Actions, 479 F.2d 257, 263 (1st Cir. 1973)(applying Massachusetts law).

As demonstrated in the Independent Trustees' Memorandum (at pp. 9-13), Plaintiff fails to plead facts showing that her case is so exceptional as to excuse her failure to make demand. The independent trustees are disinterested by statute. Mass. Gen. Laws. ch. 182, § 2B. Moreover, the allegation that the trustees approved, voted to continue and failed to terminate the fees in question (Amended Complaint at ¶ 161) -- from which they are not alleged to receive any financial benefit -- was expressly rejected as a basis for excusing demand by Judge Tauro in ING

Principal Funds Derivative Litig., 369 F. Supp. 2d 163, 171-72 (D. Mass. 2005). That holding was dictated by the First Circuit's holding in In re Kauffman Mut. Fund Actions, 479 F. 2d at 265, that the mere approval of the transaction at issue by directors, "absent self-interest or some other indication of bias," does not create an interest that excuses demand."

Likewise, the threat of personal liability for approving a transaction and the possibility of being sued individually (Amended Complaint, ¶ 162) have also been rejected as grounds to excuse demand upon the board. Heit v. Baird, 567 F.2d 1157, 1162 (1st Cir. 1977); Harhen, 730 N.E.2d at 864 n.5, *citing* 1 ALI Principles of Corporate Governance: Analysis and Recommendations § 1.23(c)(2) (1994)(mere fact that a director is "named as a defendant" or "approved or acquiesced in the transaction or conduct that is the subject of the action" does not constitute a disabling interest). Indeed, courts have cautioned against the circularity of such allegations and the ease with which demand could be avoided if this argument were given credence. "Demand is not excused simply because plaintiff has chosen to sue all directors . . . . To hold otherwise would permit plaintiffs to subvert the particularity requirements of Rule 23.1 simply by designating all directors as targets." Grimes v. Donald, 673 A.2d 1207, 1216 n.8 (Del. 1996).

Accordingly, Plaintiff has failed to plead sufficient particularized facts justifying excuse for her failure to make demand.

## Conclusion

For all of the foregoing reasons and those set forth in the Independent Trustees' Memorandum, Counts II and III of the Amended Complaint should be dismissed for the failure to make demand.

Respectfully submitted,

EATON VANCE TAX MANAGED GROWTH FUND 1.1,

By its attorneys,

s/Matthew C. Welnicki/

Sanford F. Remz (BBO #549198)
Matthew C. Welnicki (BBO #647104)
YURKO & SALVESEN, PC
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Dated: June 30, 2005

6