UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE YAMEEN, derivatively on behalf of the Eaton Vance Tax-Managed Growth Fund 1.1,<br><br>    Plaintiff,<br><br>    v.<br><br>EATON VANCE DISTRIBUTORS, INC., JAMES B. HAWKES, SAMUEL L. HAYES, NORTON H. REAMER, LYNN A. STOUT, WILLIAM H. PARK, RONALD A. PEARLMAN, JESSICA M. BIBLIOWICZ, JACK L. TREYNOR, and DONALD R. DWIGHT,<br><br>    Defendants, and<br><br>EATON VANCE TAX-MANAGED GROWTH FUND 1.1,<br><br>    Nominal Defendant. | Civil Action No. 03-CV-12437 DPW |

**INDEPENDENT TRUSTEE DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED DERIVATIVE COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1, the statutorily non-interested trustee defendants Donald R. Dwight, Samuel L. Hayes, William H. Park, Ronald A. Pearlman, Norton H. Reamer, Lynn A. Stout, and Jack L. Treynor hereby move to dismiss plaintiff's Amended Derivative Complaint.

As described below and discussed in the accompanying memorandum of law, plaintiff's claims against the independent trustees – breach of fiduciary duty under § 36(a) of the Investment Company Act of 1940 (Count II) and breach of fiduciary duty under Massachusetts law (Count III) – fail as a matter of law and must be dismissed:

1. Plaintiff failed to make demand on the trustees before filing the Amended Derivative Complaint on March 30, 2005, as is required, without exception, by Massachusetts law. This failure is dispositive of both claims against the independent trustees. *See* Mass. Gen. Laws ch. 156D, § 7.42 (establishing universal demand requirement). Even under Massachusetts law in effect prior to the Legislature's enactment of the universal demand requirement, plaintiff's claims should be dismissed because the Amended Derivative Complaint fails to allege with particularity specific facts demonstrating that demand should be excused.

2. There is no private right of action under § 36(a) of the Investment Company Act of 1940.

3. Plaintiff failed to allege any actions by the independent trustees that would take them outside of the scope of conduct protected under the Declaration of Trust of the Eaton Vance Mutual Funds Trust. The Declaration of Trust provides that a trustee cannot be held liable to the Trust or its shareholders for any action or failure to act except "by reason of his own willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of his office." Plaintiff has asserted no acts or omissions that could rise to the level of such wrongful conduct on the part of any of the independent trustees.

4. Plaintiff failed to comply with Fed. R. Civ. P. 23.1, which requires that in a derivative action "the complaint shall be verified."

## REQUEST FOR ORAL ARGUMENT

In accordance with Rule 7.1(d) of the Local Rules of this Court, defendants Donald R. Dwight, Samuel L. Hayes, William H. Park, Ronald A. Pearlman, Norton H. Reamer, Lynn A. Stout, and Jack L. Treynor request oral argument at a date and time to be set by this Court.

        Respectfully submitted,

        DONALD R. DWIGHT, SAMUEL L. HAYES, WILLIAM H. PARK, RONALD A. PEARLMAN, NORTON H. REAMER, LYNN A. STOUT, and JACK L. TREYNOR

        */s/ Stuart M. Glass*
        James S. Dittmar (BBO# 126320)
        Stuart M. Glass (BBO# 641466)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109
        (617) 570-1000

Dated: June 30, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Stuart M. Glass, hereby certify that on June 29, 2005, I conferred by telephone with Edward Haber, counsel for plaintiff, in a good-faith effort to resolve or narrow the issues presented in this motion prior to filing, and that we were unable to resolve or narrow the issues.

        */s/ Stuart M. Glass*
        Stuart M. Glass

LIBA/1561269.1