EATON.TXT

22

1          THE COURT:  From your perspective, is there

2    any viability -- you don't represent them, so it's not

3    your responsibility.  But so I understand it, is there

4    any realistic potential of continuation of the case if

5    the issue that you've framed for motion to dismiss and

6    for summary judgment is resolved favorably for you?

7          MR. MALETTA:  I really don't think there is

8    any realistic possibility that it would go forward for a

9    number of reasons.

10         THE COURT:  That's what I --

11         MR. MALETTA:  First of all is the demand

12   requirement that I believe could be universal or

13   certainly applicable in this case so that the trustees

14   -- a demand would have to be made and the trustees would

15   have an opportunity to consider Mr. Haber's points and

16   make a reasoned judgment on that.  That's one point.

17         Second of all, the premise of the case --

18   although Mr. Haber tries to say that the minutes don't

19   reflect the precise consideration of this issue, the

20   entire premise of the case is that a fund cannot

21   lawfully pay fees for past distribution expenses.   If

22   that premise is removed, there really isn't much left of

23   this case, if anything.  Mr. Haber will say the minutes

24   must reflect careful consideration of that precise

25   point.  But effectively, if it is lawful and if the

EATON.TXT

1  consideration can be given in response to a demand,

2  there really isn't a case at this point, Your Honor.

3  There's really no point in continuing this litigation.

4  And the issue is, frankly, that these points could have

5  been made in the initial complaint.  There could have

6  been -- the old demand issue could have been raised at

7  that point.  Mr. Haber has had the minutes that he just

8  spoke about since July.  And yet these points were never

9  raised until we had, as I said, a couple of days before

10  the hearing with the Judge.  It's unnecessary delay to

11  string this out and add new parties when there's really

12  precisely no legal issue that's been raised here.

13         MR. HABER:  Could I respond briefly, Your

14  Honor?

15         THE COURT:  Yes, very briefly.

16         MR. HABER:  There are two important points.

17  All right.  Mr. Maletta oversimplifies the description

18  of what the 12(b)(1) fee is paid for.  There are two

19  kind of 12(b)(1) fees.  Let me call them assets-based

20  sales charge -- that Mr. Maletta is right.  Distributors

21  use this to pay back these advances.  The other is

22  called a surface fee or a trail commission.  That is not

23  used to pay back.  That is continuing payments to

24  distributors and it does not pay back any advances.

25         Second, very, very important, Your Honor:

EATON.TXT

1    Rule 12(b)(1) prohibits the fund from making a long-term

2    commitment to pay any of those 12(b)(1) fees.  There is

3    no contract committing the fund to do so.  It would be

4    unlawful.  12(b)(1) requires that any plan, any

5    agreement regarding 12(b)(1) fees be terminable on 60

6    days' notice to distributors.  And the documents in this

7    case conform to that.  Those advances that Mr. Maletta

8    talks about are not liabilities of the fund, legally

9    or --

10           THE COURT:  What's the 56(f) problem?

11           MR. HABER:  The 56(f) declaration, Your Honor,

12   was filed a long time ago when that was first filed.  I

13   wouldn't want, Your Honor, the deposition of some of

14   the trustees at this point.  I've gotten the paper

15   discovery.

16           THE COURT:  How are they relevant to the

17   issues as you frame them?

18           MR. HABER:  Because part of the issue that is

19   -- the other side of the coin, so to speak, our response

20   to this motion -- and it's in the papers or I believe

21   it's certainly supplemented with all the facts that we

22   have learned in discovery -- is that Rule 12(b)(1) is

23   violated and hence 30(6)(b) is violated because there

24   is no benefit to the fund or the shareholders by the

25   continued payments of these fees.  These fees are being

25

1    given gratuitously to distributors with no legal

2    obligation and in violation of the command of 12(b)(1).

                        Page 23

EATON.TXT

3          And, precisely, this isn't -- I'm not suing,
4     Your Honor, because the minutes don't say something that
5     they should have said.  I'm suing because the minutes
6     reflect that the consideration that should have been
7     given at those meetings to these issues wasn't given.
8     And that was a breach of fidiciary duty by the trustee.
9          THE COURT:  Well, let me suggest a way,
10    after listening to this, that I'm inclined to think
11    about this, which is to say if you want to bring them in
12    now in this complaint, I'm going to stay the complaint,
13    stay the proceedings until I hear motion to dismiss
14    practice, both motion for summary judgment as to the
15    original defendants and any motion to dismiss filed by
16    the parties as a result of a new amended complaint.  It
17    seems to me that that, at least, gives some balance to
18    the problem of late filing and the circumstances of late
19    filing.  And I'll focus it from that perspective.
20         MR. HABER:  I have no problem with that, Your
21    Honor.
22         THE COURT:  Okay.  So, Mr. Maletta, any
23    problem with that?
24         MR. MALETTA:  Well, Your Honor, I've made my
25    argument.


                                                            26

1          THE COURT:  Deferred gratification -- apart
2     from that, anything else?
3               MR. MALETTA:  Well, Your Honor, there is the

Page 24

EATON.TXT

4   simple issue that, as Judge Lindsay repeatedly said on

5   the bench and we pointed out as well, is that he spent a

6   lot of time on it.  My client spent a lot of time in

7   preparing for the hearing and those types of --

8            THE COURT:  Well, but that's all past.

9            MR. MALETTA:  I understand that.

10           THE COURT:  He's recused himself.  Now you've

11  got a new judge.  And the real question is:  What do I

12  do under these circumstances knowing that a separate

13  complaint can be filed against the independent trustees

14  and it will be consolidated with this case.  There is,

15  at least from my perspective, a live issue about --

16  particularly in this peculiar setting about whether

17  or not there is a right to file an amended complaint

18  irrespective of what I want to do about it.

19           So, I guess that's the way I'd like to deal

20  with it, which is simply to say I will permit the

21  amended complaint to be filed.  I stay proceedings in

22  this case.  And when the new defendants are involved,

23  we'll have a scheduling conference to decide how we do

24  motion practice in this case so I can see where we go on

25  that.

27

1            Mr. Haber, I think I want you to get these

2   people served promptly.

3            MR. HABER:  I assume that will be no problem,

4   Your Honor.

5            THE COURT:  Okay.  Now, let me understand a

                              Page 25

EATON.TXT

 6    little bit more about the question of sealing the
 7    complaint.
 8              MR. HABER:  It's up to Mr. Maletta.
 9              THE COURT:  Why?
10              MR. MALETTA:  Your Honor, we marked a number
11    of the documents.  All the internal records of the
12    company are confidential, simply because frankly we view
13    much of this case as a fishing expedition.  We do not
14    want these documents put out in a public record and
15    splashed into a public record.
16              THE COURT:  I do not have in front of me the
17    full complaint.  Does it have attached to it the
18    documents?
19              MR. MALETTA:  No.  There are significant
20    quotations from portions of the minutes and internal
21    memoranda.
22              THE COURT:  But is there some part of those
23    minutes and internal memoranda that meet some standard
24    of confidentiality?  I just don't understand that in the
25    ordinary course.  If they were, you know, throwing out

28

 1    trade secrets and that sort of thing just to get you
 2    stirred up in the complaint, it would be one thing.  If,
 3    on the other hand, it's that nobody likes to be sued and
 4    have their business practices disclosed, that's another.
 5    So, what is it, in particular?
 6              MR. MALETTA:  That's part of it, Your Honor.

Page 26

EATON.TXT

7     There is also additional litigation involving Eaton

8     Vance where there has been a stay of discovery entered

9     in front of Judge Koetl in the Southern District of New

10    York which has some overlap.  It's not the same issue

11    that's presented here, but it has some overlap.  He has

12    stayed discovery on these points.  We do not want

13    discovery to be taken into these areas and then made

14    publicly available in light of that.

15            THE COURT:  Well, but that depends upon Judge

16    Koetl deciding he'll lift stays on discovery as a result

17    of a complaint being filed that's public.  All right.

18            MR. MALETTA:  I understand.

19            THE COURT:  The principle that I'm laboring

20    under is somebody files a complaint.  They have Rule 11

21    responsibilities there.  If there's something scandalous

22    or defamatory in it, I'll look at it from a 12(f) point

23    of view.  But absent a trade secret at the disclosure of

24    national security matters, I'm not likely to keep it

25    sealed.  And I take it there is nothing like that here?

29

1             MR. MALETTA:  That's correct, Your Honor,

2     nothing in the class of certainly national security or

3     what I would call a trade secret.  There is confidential

4     business information with respect to how the fund

5     operates and the directors.

6             The other point we made in our papers, Your

7     Honor, is that it is now under seal.  Whether or not

8     there will be further proceedings in this case, as I

                      Page 27

EATON.TXT

9    understand Your Honor's order, the prospective order is

10   that it will depend on the outcome of the motion to

11   dismiss.  I think at that point that if the case -- if

12   the complaint, which is already under seal, can just

13   remain that way until those dispositive motions are

14   resolved, if the case goes forward, I think it can be

15   unsealed if that's Your Honor's decision.

16          THE COURT:  Well, but if I'm dealing with a

17   motion to dismiss, whatever I write is presumptively

18   public.

19          MR. MALETTA:  That's correct, Your Honor.

20          THE COURT:  So, sooner or later, it's going to

21   be unsealed unless there is some basis for keeping it

22   sealed here, some special basis for keeping it sealed.

23   I mean, the public is -- the perspective I have on it

24   is the public is entitled to know what it is the Court

25   is working on and how it does what it does unless, as I

30

1    said, there's some supervening reason for doing it.

2    So, sooner or later, this thing is going to be unsealed,

3    I guess, unless there's some particularized showing that

4    I just haven't seen yet or heard.

5          MR. MALETTA:  I can't say there are what I

6    would consider to be a trade secret under the definition

7    of trade secret or certainly nothing to do with national

8    security or law enforcement or any of the traditional

9    points for sealing a complaint.  That's correct, Your

Page 28

EATON.TXT
```
10   Honor.  We just don't feel it's necessary at this point.
11        THE COURT:  All right.  Okay.  Well, second,
12   I'm not going to unseal the original complaint.  That
13   was a determination --
14        MR. HABER:  Our original complaint is not
15   under seal.
16        THE COURT:  Oh, it's not.
17        MR. HABER:  It's only the amended complaint.
18        MR. MALETTA:  No, Your Honor.  It's only the
19   proposed amended complaint which has all the document
20   that --
21        THE COURT:  Well, it has references to the --
22        MR. MALETTA:  It has references.  It has large
23   block quotations from the internal memoranda.
24        THE COURT:  Right, but that are material,
25   however, to the complaint, are they not?
```

31

```
1         MR. MALETTA:  Well, Mr. Haber says they are,
2    Your Honor.  I think the legal issue supersedes that,
3    but that's --
4         THE COURT:  Well, no.  But it may not be --
5    they may be material and unsuccessful, but they're still
6    material to allegations that he makes.
7         MR. MALETTA:  To his theory, yes.
8         THE COURT:  Okay.  So, it may be filed without
9    any special seal to it, but there's no further discovery
10   in this case until we've gotten straightened away
11   exactly how I'm going to proceed.  And I just encourage
```
Page 29

EATON.TXT

12    you to get them involved as quickly as possible so I can

13    deal with this.  So that means serve them fast.

14         MR. HABER:  I expect that service will be

15    accepted by their counsel promptly, Your Honor.

16         THE COURT:  Okay.  All right.  And, so, why

17    don't we just then set a scheduling conference on the

18    assumption that there will be proper and prompt service.

19    And, in fact, if there isn't -- not that I think I have

20    to suggest some draconian outcome -- but if there isn't,

21    I will consider dismissing the amended complaint for

22    purposes of want of prosecution.

23         Why don't we say April 28th at 3 o'clock.  And

24    the purpose of this will be to set a schedule.  Mr.

25    Haber?


                                                          32

1         MR. HABER:  I don't have my calendar with me,

2    Your Honor.  And something tells me that that is -- what

3    day of the week is that, please?

4         MR. MALETTA:  Thursday.

5         THE COURT:  Thursday.

6         MR. MALETTA:  I think Mr. Haber may be

7    referring to the depositions in another case.

8         MR. HABER:  Exactly.  You're right.  Thank

9    you.

10         THE COURT:  I'm told it's the week after

11    school vacation.

12         MR. HABER:  No, no.  That's not the problem,

                        Page 30

EATON.TXT

13    Your Honor.  We were determined to do depositions in a

14    case that Mr. Maletta is also involved in in Arizona

15    that week.

16              THE COURT:  Okay.  So, do you want put it over

17    for --

18              MR. HABER:  The next week would be --

19              THE COURT:  -- another week?

20              MR. HABER:  Yes, please.

21              THE COURT:  How is that?

22              MR. MALETTA:  Your Honor, I mean, that would

23    be an issue for me, that I have an SEC investigation

24    which requires me to be out of the country the following

25    week.  So, sometime --

                                                            33

1              THE COURT:  Well, it depends on where out of

2     the country.

3              MR. HABER:  We would do it there.  Right.

4              MR. MALETTA:  The southern hemisphere, Your

5     Honor.

6              THE COURT:  May 19th, last and final --

7              MR. MALETTA:  Very good, Your Honor.

8              THE COURT:  -- at 2:  3  0.  May 19th at 2:30.

9              MR. HABER:  Thank you, sir.

10             THE COURT:  And what I would like by May 12th

11    is a proposed scheduling order, having in mind that I

12    will consider 12(b)(6) motions before I'll permit any

13    discovery in the case.

14             MR. HABER:  Do you want a schedule that
                         Page 31

EATON.TXT

15    includes discovery or just a schedule for briefing?

16            THE COURT:  Briefing and that sort of thing,

17    but I also want some sense of if it is denied in whole

18    or part what a proposal --

19            MR. HABER:  Right after that.

20            THE COURT:  -- on that would be.

21            MR. HABER:  Very good, sir.

22            THE COURT:  All right.  Okay.  Is there

23    anything that we need to take up in this matter?

24            MR. MALETTA:  No, Your Honor.  Thank you.

25            THE COURT:  Okay.

34

1             MR. HABER:  Thank you very much, Your Honor.

2             THE COURT:  Thank you.

3                  RECESSED AT 3: 40 P.M.

4

5                  C E R T I F I C A T E

6             I, PAMELA R. OWENS, Official Court Reporter,

7     U. S. District Court, do hereby certify that the

8     foregoing is a true and correct transcription of the

9     proceedings taken down by me in machine shorthand and

10    transcribed by same.

11

12

13

14

15

                            Page 32

EATON.TXT

16

17

18

19

20

21

22

23

24

25